M. O. OVERSTREET, as Receiver of First National Bank and Trust Company in Orlando, Florida, v. RALPH J. VOOR-HIES, and ADELE L. VOORHIES, his wife, and CLIFFORD WYKOFF VOORHIES.

173 So. 710.

Opinion Filed February 4, 1937.

Rehearing Denied April 21, 1937.

*John G. Baker* and *Campbell Thornal,* for Appellants.

G. P. *Garrett,* for Appellees.

TERRELL, J.—This is the third appeal in this cause. A complete statement of the facts will be found in the first appeal decided December 30, 1936, and in the second appeal decided this date. The single question involved here is predicated on the decree of the chancellor allowing compound interest on the balance shown from the accounting to be due from the trustee to the trust estate.

In the second appeal the chancellor held that the Bass, Black and Garvin mortgages were purchased by the trustee personally but with trust funds and that it (trustee) would be required to reimburse the trust fund for the amount invested in them, while as to the Kyle, Ivanhoe, and Gwynne mortgages he held that they were purchased by the trustee as such and were consequently the property of the trust fund. He held jurisdiction for the purpose of making appropriate orders after an accounting of the administration of the trust fund.

This appeal was prosecuted by the receiver of the trustee from the decree on the accounting and is predicated on the decree of the chancellor as to the status of the mortgages purchased with the trust fund. Since we held in the second appeal that the chancellor was in error in holding that the Bass, Black, and Garvin mortgages were purchased by the trustee individually and that it would be required to reimburse the trust fund for the amount of their purchase with interest, it necessarily follows that the account-

ing was improperly predicated so the instant decree will have to be reversed in order that it be grounded on an accounting consistent with our opinion in the second appeal.

It will also have to be reversed for the allowance of compound interest on the amount found to be due from the trustee to the trust estate. In computing interest in a case of this kind no fixed rule governs all cases but it appears generally settled that a compound interest will not be allowed except as a penalty for wilful negligence and duplicity on the part of the trustee, as for using trust funds in his own business or for trading and making profits with trust funds and not accounting for them or for any other gross unfaithfulness to his trust. Barney v. Saunders, 16 U. S. (Howard) 535, 14 L. Ed. 1047; Morgan v. Morgan Discount Co., 100 Fla. 124, 129 So. 589; *In re* Guardianship of Bernard Seward, 105 Neb. 787, 181 N. W. 941; 31 A. L. R. 441; Annotations 447, 29 L. R. A. 624 and 625.

Having held in the second appeal that the trust fund was invested and administered in good faith up to the defaults in payments on the mortgages, it necessarily follows that there was no predicate for the allowance of compound interest up to that date. But there is still another reason why it cannot be allowed in this case. As previously stated, it is not allowed except as a penalty on the trustee for wilful negligence or gross unfaithfulness to his trust.

It is, therefore, a punishment personal to the trustee which cannot be when the trustee is in the hands of a receiver for liquidation and can only be penalized with a common fund in which all creditors are entitled to participate on the same terms. In other words, a punishment personal to the trustee will not be visited on its common creditors.

Reversed.

ELLIS, C. J., and WHITFIELD, BROWN, BUFORD, and DAVIS, J. J., concur.

## ON PETITION FOR REHEARING

PER CURIAM.—On petition for rehearing, it is urged that the refusal of this court to adjudicate the charges of bad faith and mismanagement charged against the trustee was error in that such charges were contemplated in the final decree adjudicating the rights of the parties filed February 8, 1936, from which appeal was prosecuted.

We do not so interpret the final decree. The bill of complaint charged the trustee with bad faith in the investment of and in permitting defaults, assessments, and other charges to accumulate against the trust fund. We held that the charge was not sustained as to the investment of the trust fund but declined to adjudicate further.

It follows that if the trustee after investment negligently permitted charges of any kind to accumulate against the trust fund or otherwise negligently handled or administered the trust he is responsible and can be required to account to the beneficiary therefor. This is a matter that should have been taken into account and considered in connection with the accounting.

The rehearing is denied.

ELLIS, C. J., and WHITFIELD, TERRELL, BROWN, BUFORD and DAVIS, J. J., concur.