PER CURIAM.
The defendant City of Coral Gables appealed from a declaratory decree. The suit was filed by owners of a parcel of land to determine their rights under zoning regulations for construction of an apartment building thereon.
The parcel directly involved is the center one third of a tract of land comprising 12.3 acres. The total tract has a frontage of 966 feet on Edgewater Drive and extends 540 feet in depth to the Coral Gables waterway. In a lengthy and well reasoned opinion the trial judge upheld the plaintiff’s claimed right to construct an apartment on this portion of the tract, upon finding the entire tract was zoned for apartments not in excess of 13 stories in height, and that being so zoned there was no need to gain *468 further “permission” from the city to make such use thereof.[1]
This large parcel appeared on the plat as a block, and had not been subdivided into lots. However, making reference to its provision restricting construction to one building on a “lot”, the city contended for a construction and ruling that if plaintiffs should build on the middle of the tract, there could be no further construction on the end portions thereof. The trial court correctly disposed of that contention by holding that this 12.3 acre tract could not properly be considered as a “lot” within the meaning of such zoning provision applicable to single lots.
Further, the chancellor, in permitting less than the entire “parcel” involved to be used as a building “site”, should be sustained because of the specific language contained in § 8.02 of the City of Coral Gables Zoning Code which reads in part as follows:
“ * * * In any case where the building site is upon land that has not been subdivided by a plat recorded in the public records of Dade County, Florida; and in any case where the building site is upon land that has been subdivided by a plat recorded in the public records of Dade County, Florida, into tracts or parcels having an area greater than 10,800 square feet or a street frontage of more than 100 feet, no building or structure erected, constructed or designed for an R, D or A Use shall be constructed or erected upon any building site containing less area than 10,800 square feet, and having a street frontage of less than 100 feet.” [Emphasis added.]
The “parcel” in the instant case is reflected on a recorded plat; the building “site” proposed to be used is in excess of 10,800 square feet and has a street frontage in excess of 100 feet. Therefore, the right to use less than the entire platted parcel for a building site is clearly recognized in the zoning code.
We hold that the trial judge was eminently correct in his construction of the several ordinances and provisions of the City Commission with reference to the conflicting contentions presented in this case, and we find no error in the ruling of the trial court rejecting the contentions presented by the intervenors and in holding that the complaint was one properly within the scope of the declaratory decree statute.
No reversible error having been made to appear, the final decree or judgment appealed from is affirmed.

. “The property involved in this suit does not abut any single family or duplex residential zone, nor is there any single family or duplex residential property located across the street. Accordingly, the property conforms to the requirements of Ordinance No. 1475 of the City of Coral Gables, known as the ‘High-Rise Ordinance’. It is clear that, under the provisions of such ordinance, the plaintiffs have the right to construct on said property an apartment building not exceeding 13 stories in height. Said provisions of the zoning code authorize and do not in anywise inhibit the use of the property as the site for construction of a 13 story apartment building. Under the terms of the ordinance, no permission or approval of the City Commission is required as a condition precedent to the use of said property for such purpose. The height of an apartment building, provided it does not exceed 13 stories, is not a matter within the discretion of the City Commission insofar as the property involved in this suit is concerned. This is so because of the terms and clear meaning of Ordinance No. 1475 amending the zoning code of the City of Coral Gables.”