286 So.2d 602 (1973)
Algie L. OUTLAW et al., Appellants,
v.
H.J. KINSEY and Anna C. Kinsey, Appellees.
No. S-289.
District Court of Appeal of Florida, First District.
November 29, 1973.
Rehearing Denied January 8, 1974.
Fredrick L. Rice of Rice & Kreidler, Jacksonville, Ronald E. Clark, Palatka, and Robert A. Andreu, St. Augustine, for appellants.
David B. Parker, of Martz & Parker, St. Augustine, for appellees.
SPECTOR, Judge.
Appellants seek reversal of a final judgment holding certain building permits issued by St. Augustine to the other appellants to be invalid and permanently enjoining appellants from engaging in any construction pursuant to such permits.
This controversy began on June 23, 1972, when appellants applied to the City of St. Augustine for twenty-two building permits for the construction of duplexes having an estimated value of $40,000.00 each. The proposed dwellings were to be in Davis Shores Subdivision in the City of St. Augustine. At the time the building permits were applied for, the subject area was zoned "A" residence which permitted the construction of duplexes. Seventeen of appellants' applications complied with the existing zoning ordinance with respect to lot definition, lot area and setback requirements. The property descriptions attached to the applications used the corners and lot lines of platted lots in Davis Shores Subdivision as beginning and reference points to describe the parcels on which the duplexes were proposed to be erected. That process was resorted to for the descriptions inasmuch as the parcels to be built on did not *603 coincide with the lots as reflected on the recorded plat. The remaining five applications were denied because they failed to meet the criteria established in the ordinance.
The zoning ordinance which permitted duplexes was amended after appellants had informally applied for the twenty-two permits to build duplexes on the site prior to May 16, 1972, on which date formal application was made for three permits. On June 6, 1972, four additional permits were applied for but were denied because of setback inadequacies. On June 12, 1972, the City of St. Augustine amended the subject ordinance so as to eliminate duplexes in the area. Said amendment was effective July 12, 1972. On June 23, 1972, after passage, but before effective date of the amendment, the City approved the issuance of the seventeen permits and this action was initiated to invalidate the permits and to enjoin any construction pursuant to them.
The trial court held that the applications for permits submitted by appellants were invalid because they attempted to circumvent the laws of the State and the city ordinances relating to platting and replatting of subdivisions and ruled that the permits issued pursuant to the applications were therefore void.
Appellants contend that the State's subdivision platting law does not serve as a bar to the issuance of building permits for a parcel of land described in terms and dimensions other than those in a platted subdivision. We agree and reverse.
The City of St. Augustine does not have any ordinances pertaining to platting and replatting of subdivisions. Accordingly, the trial court must have been referring to Chapter 177, Florida Statutes, F.S.A., material portions of which are as follows:
"177.011 Purpose and scope of chapter.  This chapter shall be deemed to established consistent minimum requirements, and to create such additional powers in local governing bodies, as herein provided to regulate and control the platting of lands. This chapter establishes minimum requirements and does not exclude additional provisions or regulations by local ordinance, laws, or regulations."
"177.021 Legal status of recorded plats.  The recording of any plats made in compliance with the provisions of this chapter shall serve to establish the identity of all lands shown on and being a part of such plats, and lands may thenceforth be conveyed by reference to such plat."
We find nothing nor have the parties to this appeal directed us to any portion of Chapter 177 which precludes conveyance of a parcel of land different in size than that of a platted lot in a recorded subdivision. It follows that an application for a building permit proposed to be constructed on such a parcel cannot for that reason be denied.
In City of Coral Gables v. Hunter, 213 So.2d 467 (Fla.App. 1968), the court rejected the contention that a building permit could not issue for a parcel in a recorded subdivision which was smaller in size than the lots as reflected in the recorded plat. The court's holding in Hunter, supra, is consistent with the generally accepted rule as expressed in 8 McQuillin, Municipal Corporations, § 25.137, pp. 437 and 438, viz.:
"Various words and phrases, as used in zoning measures relative to building and lot restrictions, have been defined or discussed with reference to their meaning, in the cases or by zoning authorities. The word `lot', as used in a zoning regulation, has been defined as a parcel of land occupied or intended to be occupied by one main building, and buildings and uses customarily auxiliary or incident thereto, including such open spaces as are provided or are intended to be used in connection therewith or are required by the regulation. A lot, within the meaning of a zoning measure or plan, *604 may or may not coincide with a lot as shown on a recorded map, plat or subdivision."
In view of the foregoing authorities, it is our opinion that the trial court erred in holding that the referenced platting laws rendered the applications for the building permits and the permits issued pursuant thereto invalid. Accordingly, the judgment reviewed herein is
Reversed.
WIGGINTON, Acting C.J., and JOHNSON, J., concur.