463 So.2d 569 (1985)
Margaret A. GRIFFIN, Orian P. Wells, Jr. and J. Emmett Smith Co-Trustees of the Testamentary Trust of Frederick L. Griffin, Deceased, Appellant,
v.
Joan M. GRIFFIN, As Guardian for the Property of Thomas Lanier Griffin, Minor Beneficiary of the Testamentary Trust of Frederick L. Griffin, Deceased, Appellee.
No. AY-310.
District Court of Appeal of Florida, First District.
February 18, 1985.
*570 Edward E. Hedstrom of Hedstrom & Smith, Palatka, for appellant.
Nancy E. Yenser of Salter, Feiber & Yenser, Gainesville, for appellee.
JOANOS, Judge.
This is an appeal from a final order requiring disbursements from a testamentary *571 trust established by Dr. Frederick L. Griffin. Dr. Griffin is survived by six children, three born of his first marriage and three born of his second marriage. Appellee, Dr. Griffin's second wife and guardian of his minor child Thomas Lanier Griffin, filed a petition in Alachua County Circuit Court seeking (1) an annual accounting of the trust, (2) an order compelling the trustees to pay back into the trust moneys allegedly improperly paid to non-income beneficiaries, (3) an order directing the trustees to cease making monthly payments to non-income beneficiaries, (4) an order awarding petitioner the costs of the action, and (5) an order granting "such other and further relief as the Court may deem just and proper."
After hearings were held on appellee's petition, the trial court found that certain disbursements by the trustees to non-income beneficiaries (sons of Dr. Griffin's first marriage) were improper, because contrary to the settlor's intent. The court was of the opinion, however, that the disbursements were made in good faith, and were not prejudicial as there was sufficient trust res to comply with the settlor's intent to provide for the support of the minor income beneficiary, Thomas Lanier Griffin, and to provide higher education expenses of the income beneficiary, John Michael Griffin. Therefore, the trial court directed that the payments made to Dr. Griffin's older sons, who are non-income beneficiaries, would be considered an advancement of the final distribution provided for in the trust as to the respective interests of Frederick L. Griffin, Jr. and Joseph Garland Griffin, and declined to direct the trustees to repay personally these sums of money to the trust. The trial court also directed the trustees to make payments to appellee for the benefit of the minor income beneficiary Thomas Lanier Griffin, to provide for the higher education expenses of the income beneficiary John Michael Griffin, and to render an accounting to the beneficiaries.
The trustees filed a motion for rehearing, urging error in those portions of the order directing payments to Thomas Lanier Griffin and John Michael Griffin. On rehearing, the trial court reversed that portion of the order directing the trustees to make payments to John Michael Griffin, because John Michael Griffin is sui juris, was not a party to the suit, and did not reside in Alachua County, where the suit was filed.
The trustees have appealed that portion of the order directing them to provide for the support, maintenance and education of Thomas Lanier Griffin, alleging that this issue was not framed by the pleadings and the identical issue had been raised previously in other pending litigation.
Appellee, guardian of Thomas Lanier Griffin, has cross-appealed (1) the trial court's denial of her petition that the trustees be required to repay personally to the trust the sums expended on behalf of Dr. Griffin's older sons, and (2) the trial court's decision not to order the trustees to make payments from income of the trust to John Michael Griffin, an income beneficiary, for his education. We affirm in part and reverse in part.
When Dr. Griffin died on December 27, 1979, his three older children were ages 25, 23, and 20 respectively; and the children of his second marriage were ages 17, 16 and 12. No children were born of Dr. Griffin's third marriage to Margaret A. Griffin Gregory. Margaret A. Griffin Gregory is a co-trustee and co-appellant in this suit.
The trust paragraph applicable to this case provides:
(6) The foregoing trust estate shall be held administered and disposed of as follows:
(a) The net income of this trust shall be paid to or applied for the maintenance, education or support of my children, DAVID LEE GRIFFIN, JOHN MICHAEL GRIFFIN and THOMAS LANIER GRIFFIN, at such times and in such proportions as the Trustee shall deem proper in his absolute discretion, but with due regard to any principal distributions made hereunder. In the event the net income shall be insufficient to provide any of said children with adequate maintenance, education or support, the *572 Trustee shall invade principal for this purpose and such invasion shall be made according to the needs of said children rather than according to any pro rata scheme of distribution. The Trustee is authorized to accumulate income in this trust to the extent that the same is not required for the payments and purposes hereinabove specified and any such accumulated income may be added to the corpus of the trust and invested or reinvested in the same manner as the original corpus. As a guide to my Trustee, but without any intent to restrict his discretion, it is my purpose that any of said children who desire to receive a higher education should be given such financial support as the trust is reasonably able to provide in order to allow said child or children to complete such higher education as they may desire. It is my primary intent to provide for the health, maintenance, support and education of my three youngest children, DAVID LEE GRIFFIN, JOHN MICHAEL GRIFFIN and THOMAS LANIER GRIFFIN; however, my Trustee is also authorized in the event of an emergency or hardship to pay or apply income or principal from this trust for the health or maintenance of my mother, VIRGINIA WILKIE, any of my older children, MARJORIE ELAINE GRIFFIN, FREDERICK L. GRIFFIN, JR. and JOSEPH GARLAND GRIFFIN, my wife MARGARET A. GRIFFIN, my aunts, DORES FAIR and MARY SMITH, and my cousin NANCY FAIR.
Dr. Griffin's will was admitted to probate on January 29, 1980. On December 17, 1981, appellee requested an annual accounting pursuant to the provisions of Section 737.303(4), Florida Statutes. On January 28, 1983, appellee filed Objections to Partial Trust Accounting, Petition for Complete Trust Accounting and Enforcement of Trust Provisions and Enforcement of Sanctions. Then on April 21, 1983, appellee filed an amended petition and objections. Paragraphs 12 and 13 of this amended petition alleged:
12. Said Accountings reflect monthly payments to Respondents, FREDERICK L. GRIFFIN, JR. and JOSEPH G. GRIFFIN, beneficiaries, who are not income beneficiaries of the Trust, but are authorized to receive funds from the Trust only in the event of "emergency" or "hardship" as provided by paragraph 4(6)(a) of the Last Will and Testament of Frederick L. Griffin. The Trust includes no provision for said monthly payments from the income of the Trust Assets to beneficiaries other than John, Thomas or David Griffin.
13. Said monthly payments to non-income beneficiaries of the Trust are depleting the income and interest of the Trust and are prejudicial to the interests of the Petitioner's ward and other income beneficiaries.
On February 12, 1983, the trustees filed a motion to dismiss or transfer the cause to Putnam County, stating as grounds therefor that (1) the will was admitted to probate in Putnam County and probate was still pending; (2) the trust was registered in Putnam County; (3) appellee had invoked the jurisdiction of Putnam County by filing a petition to require a trust qualification petition, and by filing petition to require trustees to pay reasonable support for beneficiaries; and (4) Putnam County is the county of residence of two of the three trustees.
At hearing on appellee's petition, counsel for the trustees objected to questions from opposing counsel on the subject of payments to the income beneficiaries. Trustees' counsel maintained that the matter was not an issue in the case, and that a suit was pending in Putnam County on this particular issue. Counsel for appellee took the position that the issue of the impropriety of payments to the non-income beneficiaries required the court to consider also the question of payments to the income beneficiaries. The court sustained the objection, but cautioned that the ruling would be reversed upon a showing that the trustees made payments after July 1983 to other than the income beneficiaries.
*573 Evidence was adduced that the trustees had made payments of $150.00 monthly to Frederick L. Griffin, Jr. and Joseph Griffin during the time period that each young man was attending college. Margaret A. Griffin Gregory, co-trustee, testified that the payments had been made on the basis of the hardship provision of the trust, as perceived by the trustees. When asked to explain the basis of the hardship, she stated:
They, neither one of the boys, could afford to buy groceries. Fred, Jr. had to move out of his apartment, move in with his grandmother. He didn't have a car and neither  sometimes the boys would not even have enough to eat. And this, to me, was a hardship.
The trustees ceased making payments to Fred, Jr. and Joseph in March 1983 because the two older sons advised the trustees they needed no further help. At that time, both young men had withdrawn from school and had taken full-time jobs.
After some testimony concerning investment of the trust funds, counsel for appellee again sought to introduce testimony concerning payments to the income beneficiary. Following an objection from the trustees' counsel, the court asked whether the issue of present payment to the income beneficiary was before the court. Counsel for appellee again contended that it was an issue, apparently basing this position on the premise that payment to the non-income beneficiaries was prejudicial to the income beneficiaries. The trial judge advised that he would review the pleadings and if he found the issue had not been pled, he would not consider it in any judgment entered in the case.
In an order filed November 10, 1983, the court found, among other things, that the trustees improperly made monthly payments to Frederick Griffin, Jr. and Joseph Griffin, since the "payments were neither for emergency or hardship, but were strictly for educational expenses of the non-income beneficiaries." The court ordered that these payments were to be considered as advancements, to be deducted from the share of each at the final distribution of the trust res.
The trustees filed a motion for rehearing, challenging those portions of the court's order which directed the trustees to make payments to appellee for the "health, support, maintenance and education of the minor income beneficiary, Thomas Lanier Griffin;" and to provide for the higher education expenses for the income beneficiary John Michael Griffin. After hearing arguments of counsel, the court granted the motion with regard to education expenses for John Michael Griffin, on the ground that "John Michael Griffin is not a party to this suit, is sui juris, and does not reside in Alachua County." The court denied the motion with regard to the minor income beneficiary, finding "the evidence, pleadings which may be amended to conform therewith, and the immediate past conduct and conflict of interest involved herein necessitate this [ruling] on behalf of the Minor income beneficiary." This appeal and cross-appeal followed.
The first issue raised for our determination is whether the trial court erred in admitting over timely objections, evidence on an issue not framed by the pleadings; and then in rendering judgment on that issue. The law is clear "that issues in a cause are made solely by the pleadings." Hart Properties, Inc. v. Slack, 159 So.2d 236, 239 (Fla. 1963). Once the issues have been fixed by the pleadings, they "may be changed only by (a) stipulation of the parties, (b) consent or acquiescence of the parties, (c) motion and order, or (d) by amendment express or implied to conform to the evidence." Provident National Bank v. Thunderbird Associates, 364 So.2d 790, 794 (Fla. 1st DCA 1978).
The trustees maintain, and the record so reflects, that the appellee's amended petition does not request a determination of the trustees' obligations to Thomas Lanier Griffin under the terms of the trust. Rather, the petition merely alleged that the trustees had violated their duties in two respects  first, in allegedly *574 failing to render accountings as required by law, and second, in making payments to non-income beneficiaries in violation of the terms of the trust. The amended petition does not assert, either expressly or by reasonable implication, that the appellee was complaining that the trustees had failed to make payments to the income beneficiaries. Thus, there is no merit in appellee's suggestion that paragraph one of the amended petition adequately raised this issue. This paragraph contains only a general reference to "enforcing the provisions of a trust," and is therefore too vague to fulfill the notice function served by the pleadings.
Florida Rule of Civil Procedure 1.190(b) provides in relevant part 
When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings... .

If the evidence is objected to at trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended to conform with the evidence and shall do so freely when the merits of the cause are more effectually presented thereby and the objecting party fails to satisfy the court that the admission of such evidence will prejudice him in maintaining his action or defense upon the merits. (emphasis supplied)
That portion of the trial court's order directed to this issue implicitly placed appellee on notice that a motion to amend the pleadings would be entertained by the court.[1] The record before us indicates that no such motion to amend the pleadings was ever made. The record does reflect, however, that counsel for the trustees raised timely objections to efforts to interject evidence on the issue of payments to income beneficiary Thomas Lanier Griffin, on the ground that he was not prepared, due to lack of notice in the pleadings that appellee would seek to litigate this issue, and on the additional ground that the trustees had filed a declaratory judgment action in Putnam County Circuit Court seeking resolution of this issue. In the absence of a motion to amend the pleadings, the trial court erred in ruling on an issue that had not been raised in the pleadings and to which timely objections alleging prejudice had been made. Linder v. Combustion Engineering, Inc., 342 So.2d 474 (Fla. 1977); Darrell Swanson Consolidated Services v. Davis, 433 So.2d 651 (Fla. 1st DCA 1983).
On cross-appeal, the appellee alleges first that the trial court erred in failing to hold the trustees personally liable for sums paid from the trust to the settlor's two older sons. The trial court found that the $150.00 monthly payments to Frederick and Joseph Griffin were improper, since the applicable section of the trust document limited disbursements to non-income beneficiaries to emergency or hardship. In the view of the trial court, the evidence failed to demonstrate "any malice or lack of good faith in the actions of the Trustees in improperly making said payments," therefore the court held the trustees should not be required to repay the trust personally the sums of money expended to the non-income beneficiaries.
The trust instrument here under review vests "absolute discretion" in the trustee, or trustees. While such a grant of absolute discretion "does not relieve a trustee from the exercise of good faith or from being judicious in his administration of the trust," Mesler v. Holly, 318 So.2d 530, 533 (Fla. 2d DCA 1975), the record reflects that the trustees' decision to make intermittent monthly support payments to Frederick and Joseph Griffin was grounded on a good faith, albeit erroneous, interpretation of the *575 hardship clause of the trust document. This decision does not rise to the level of "willful negligence or gross unfaithfulness to [the] trust," that would require the trustees to account to the beneficiaries personally for sums expended. Overstreet v. Voorhies, 127 Fla. 333, 173 So. 710, 711 (1937). Nor does the evidence reflect that the trustees failed "to exercise the care and skill of a prudent man in the exercise of the trust," Hoppe v. Hoppe, 370 So.2d 374, 375 (Fla. 4th DCA 1978), so as to justify holding them personally liable. There is abundant evidence in the record to support the trial court's finding that the trustees' monthly payments to non-income beneficiaries were made in good faith and without any malice. We find the trial court did not err in holding the trustees were not personally liable for these disbursements.
As her second issue on cross-appeal, appellee alleges the trial court erred in reversing that portion of the order which directed the trustees to provide for the higher education expenses of the income beneficiary, John Michael Griffin. Appellee relies on Section 731.303(2)(b), Florida Statutes (1979)[2], to support her theory that the appellee-guardian's suit in behalf of the minor beneficiary served to represent the interests of all the income beneficiaries. The case was not litigated in behalf of the other two income beneficiaries, John and David Griffin, each of whom are sui juris. Since the trust document expressly provides that income distribution shall be "at such time and in such proportions as the Trustee shall deem proper in his absolute discretion," there is a clear potential for competing interests amongst the income beneficiaries. Consequently, appellee's suit on behalf of the minor income beneficiary cannot be construed as a class suit on behalf of all the income beneficiaries. John Michael Griffin was not a party to this action, therefore the trial court correctly receded from that portion of the prior order requiring the trustees to provide for his higher education expenses.
We reverse that portion of the trial court's order which directs the trustees to make payments to provide for the health, support, maintenance and education of the minor income beneficiary, since that question was not before the court. We affirm the two issues raised on cross appeal, and remand with directions that an order be entered consistent with this opinion.
Affirmed in part, reversed in part, and remanded with directions.
WIGGINTON and NIMMONS, JJ., concur.
NOTES
[1] The relevant portion of the Order on Motion for Rehearing provides:

IT IS ACCORDINGLY
ORDERED AND ADJUDGED that the said Motion be and the same is hereby denied as to paragraph four (4) of the Court's Order of November 20, 1983, as the evidence, pleadings which may be amended to conform therewith, and the immediate past conduct and conflict of interest involved herein necessitate this paragraph on behalf of the Minor income beneficiary. (emphasis supplied)
[2] § 731.303(2)(b), Fla. Stat. (1979), provides:

Representation.  In proceedings involving estates of decedents or trusts, the following apply:
(2) Persons are bound by orders binding others in the following cases:
(b) To the extent there is no conflict of interest between them or among the persons represented:
1. Orders binding a guardian of the property bind the ward whose estate he controls.
2. Orders binding a trustee bind beneficiaries of the trust in proceedings to probate a will, in establishing or adding to a trust, in reviewing the acts or accounts of a prior fiduciary, and in proceedings involving creditors or other third parties.
3. Orders binding, a personal representative bind persons interested in the undistributed assets of a decedent's estate, in actions or proceedings by or against the estate.