546 So.2d 97 (1989)
Sara L. JOHNSON, Appellant,
v.
Johnnie L. JOHNSON, Appellee.
No. 88-0525.
District Court of Appeal of Florida, Fourth District.
July 7, 1989.
Leif J. Grazi of Grazi & Gianino, Stuart, for appellant.
Thomas E. Warner and Denise Coffman of Warner, Fox, Seeley & Dungey, Stuart, for appellee.
PER CURIAM.
We reverse the final judgment entered by the trial court in favor of the husband. There are three issues: I. Whether the trial court erred in modifying the child support provision of the parties' separation agreement to provide for a prospective pro rata reduction of the child support upon each of the parties' children attaining majority. We conclude it did. II. Whether the trial court erred in granting the former husband, upon the sale of the marital home, one half of the rents received by the former wife during the term of her exclusive possession of said home. We conclude it did. III. Whether the trial court erred in the amount of attorney's fees it awarded the former wife for legal representation. We conclude it did.
Accordingly, we remand for proceedings consistent herewith.

I.
An examination of the record discloses that the former husband's petition for modification of final judgment regarding child custody requests a reduction in the amount of child support paid to the former wife and an elimination of the automatic annual adjustment of 23.21% of his annual gross income as the former wife's move to Tennessee with the parties' minor children increased the expenses associated *98 with his exercise of parental visitation rights. Other than the general demand for a reduction in the amount of child support, the former husband's petition gives no indication that he was seeking to have the trial court interpret the support provision of the parties' separation agreement to provide an automatic pro rata reduction of the child support upon each of the children reaching the age of majority.
The former wife is correct in her argument that this modification fell outside the scope of the pleadings. The Florida Supreme Court has held that judgments upon matters outside of the scope of parties' pleadings are voidable on appeal. Cortina v. Cortina, 98 So.2d 334 (Fla. 1957). Also, see Arky, Freed, Stearns, Watson, Greer, Weaver & Harris, P.A. v. Bowmar Instrument Corporation, 537 So.2d 561 (Fla. 1988). In Scheer v. Scheer, 132 So.2d 456, 457 (Fla. 3d DCA 1961), the Third District Court reversed a trial court's withdrawal of a father's right of visitation on the basis that the mother failed to plead in her answer the termination of the father's visitation rights and that her only request for affirmative relief was for attorney's fees. The record in the instant case shows that the former wife made a proper objection at trial to the admission of the former husband's testimony regarding whether the separation agreement intended a pro rata reduction in the child support amount.
As pointed out by the former wife, there is no automatic pro rata reduction of child support recognized by Florida case law as there is no requirement that separate amounts be awarded for the support of each minor child of a marriage. Jones v. Jones, 330 So.2d 536 (Fla. 1st DCA 1976).
In the instant case, the trial court made a prospective ruling on the automatic reduction of child support matter more than one year before the first of the parties' three children reached majority. An equitable procedure would have been that of the trial court reviewing the parties' financial circumstances at the time of the first child's attainment of majority.

II.
As to whether the trial court erred in awarding the former husband one half of the rental proceeds received by the former wife during the time she was entitled to exclusive possession of the former marital home, a review of the record reveals the former husband's pleadings failed to request the affirmative relief which the trial court granted the former husband and the former marital home was vacated by the former wife and rented out for reasons other than a lack of necessity for said home. The former wife testified that she intended to return to live in the former marital home. Her temporary relocation to the state of Tennessee was justified on her desire to acquire a college degree and some marketable work skills and was not due to no longer needing the home for the children or for herself. Furthermore, her financial affidavit reflects that she was paying $61.33 per week in rent while living in Tennessee and thus it cannot be said that she was in any way profiting from the rental of the former marital home. Finally, the record may also support the former wife's assertion that there was an in-court stipulation between the parties that she could retain the rental proceeds.

III.
Although it is a fundamental rule of appellate law that we are not here to reweigh the evidence presented to the trial court, given the parties' testimony at trial and their financial affidavits, the trial court abused its discretion in not awarding the former wife a larger amount of attorney's fees. There is no question that a huge disparity existed in the parties' respective abilities to secure legal representation to litigate the issues presented in this post dissolution matter.
REVERSED and REMANDED.
DOWNEY and GLICKSTEIN, JJ., and SNYDER, ARTHUR I., Associate Judge, concur.