704 So.2d 138 (1997)
Darlene TODARO, Appellant,
v.
Louis TODARO, Appellee.
No. 97-0128.
District Court of Appeal of Florida, Fourth District.
November 19, 1997.
Rehearing Denied December 29, 1997.
*139 Cathy Chimera of Bright & Chimera, P.A., Delray Beach, for appellant.
Frank B. Kessler, Lake Worth, for appellee.
GUNTHER, Judge.
Appellant, Darlene Todaro ("Former Wife"), appeals from a final judgment modifying the amount Appellee, Louis Todaro ("Former Husband"), must pay in child support. We find merit in Former Wife's argument that the trial court improperly determined matters that were not the subject of the pleadings.
Under Florida law, a trial court is without jurisdiction to "hear and determine matters which are not the subject of appropriate pleadings and notice." Defreitas v. Defreitas, 398 So.2d 991, 992 (Fla. 4th DCA 1981); see Johnson v. Johnson, 546 So.2d 97, 98 (Fla. 4th DCA 1989); Cooper v. Cooper, 406 So.2d 1223, 1224 (Fla. 4th DCA 1981). However, when issues not raised by the pleadings are tried by implied consent, they are to be treated as if they had been raised in the pleadings. Fla. R. Civ. P. 1.190(b); see Hemraj v. Hemraj, 620 So.2d 1300, 1301 (Fla. 4th DCA 1993).
In Johnson, the former husband's petition for modification requested a reduction in the amount of child support paid to the former wife and an elimination of the automatic annual adjustment of his annual gross income since the former wife's move out-of-state increased the expenses associated with his visitation rights. Johnson, 546 So.2d at 97-98. Other than the general demand for a reduction in the amount of child support, the former husband's petition gave no indication that he was also seeking to have the trial court interpret the support provision of their separation agreement to provide an automatic pro rata reduction of the child support upon each of the children reaching the age of majority. Id. This Court noted that the former wife properly objected at trial to the admission of the former husband's testimony regarding the automatic pro rata reduction and found that this matter was outside the scope of the pleadings. Id.
Similarly, in the instant case, Former Husband filed a Petition to Modify Child Support and Custody asserting, as his only basis for modification, that Former Wife was making more money. Yet, at the modification hearing, Former Husband's basis for a reduction of his child support obligation centered on the fact that his income had been reduced as a result of him changing jobs. Former Wife objected arguing that the only basis for modification that was pled was that she was making more money. Since Former Husband's modification petition provides no indication that he would be relying on his reduced income to support his claim, we find that the modification judgment fell outside the scope of the pleadings and must be reversed. See id.; Defreitas, 398 So.2d at 992. Former Wife was greatly prejudiced by not being put on notice that Former Husband also intended to base his modification petition on the fact that his income had been reduced. Without such notice, she would have no reason to prepare to dispute Former Husband's *140 contention as to what his income was. The prejudice becomes even greater when Former Wife makes clear that she did not receive a copy of Former Husband's updated financial affidavit prior to the hearing. Moreover, it cannot be said that this issue was tried by implied consent where Former Wife objected to the trial court hearing evidence on matters that were not properly pled. See Hemraj, 620 So.2d at 1301.
We also find that the trial court erred in denying Former Wife's claim for reimbursement of the children's medical expenses. Accordingly, we reverse and remand for the trial court to enter an order awarding Former Wife $2,579 in reimbursement for the children's medical expenses. We do, however, affirm the trial court's decision denying Former Wife's claim for babysitting expenses.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
GLICKSTEIN and POLEN, JJ., concur.