THOMPSON, Judge.
J.L.A. appeals his delinquency adjudication and sentence for possession of less than 28 grams of cocaine. He argues on appeal that the court should have granted his motion to suppress evidence. Because the motion to suppress was waived by trial counsel, we affirm.
J.L.A. was stopped by the police because he matched the description of a suspect involved in a home invasion. During the stop, the police searched J.L.A. because of the allegation that a handgun had been used. The police told J.L.A. to put his hands on the hood of the police car and he complied. The officer felt no handgun, but did feel a small tube. J.L.A. gave the officer permission to remove the tube from his pocket saying it *381 contained a “rock.” The tube did contain a rock of cocaine. The victim could not identify J.L.A. as the person who committed the home invasion, but J.L.A. was arrested for possession of cocaine and a delinquency petition was filed.
J.L.A. was appointed an attorney who filed a motion to suppress: In the motion, the attorney alleged there was an illegal search and seizure. Just before the scheduled hearing on the motion to suppress, the defense attorney said “I’m going to waive that motion to suppress.” The court proceeded with an adjudicatory hearing and the state presented evidence from the arresting officers and attempted to introduced the cocaine into evidence. When it was obvious that the chemist was unavailable to testify, defense counsel objected to admission of the cocaine because there was no scientific evidence that the substance was cocaine. The court continued the case to the following day, when the chemist testified that the substance was cocaine The defense raised no other objection to the admission of the cocaine and it was admitted into evidence.
The defense did not renew its motion to suppress evidence, but during closing, argument, the defense attorney argued that the cocaine should be suppressed because of an unlawful stop and search. Although the trial court made no express oral or written ruling on the defense counsel’s argument, the court stated, “I’m reasonably satisfied that the issues are preserved for appellate purposes then ... I find [J.L.A.] guilty of the offense.”
We disagree that the issues were properly reserved. Defense counsel filed- a written motion to suppress but waived the motion prior to the motion hearing. During the adjudicatory hearing, the only objection to the admission of cocaine into evidence was that there was no scientific basis for its admission. Once the chemist testified, the objection was properly overruled and the cocaine was properly admitted.
Even though J.L.A.’s pretrial motion to suppress was waived, the trial court had the discretion to consider the constitutional challenges upon appropriate objection when the evidence was offered. Fla. R.Crim. P. 3.190(h)(4); Savoie v. State, 422 So.2d 308 (Fla.1982). It appears this was the court’s intent. However, no appropriate contemporaneous objection;was made. As a result, the issue was not preserved for appeal. Terry v. State, 668 So.2d 954, (Fla.1996) (citing Robertson v. State, 94 Fla. 770, 775, 114 So. 534, 536 (1927)). Raising the issue in closing argument after the cocaine was admitted did not preserve the issue. Cf. McKelton v. State, 528 So.2d 123 (Fla. 5th DCA 1988) (failure to object at trial to admission of evidence after pretrial denial of motion to suppress waives appellate review of issue). Accordingly, J.L.A’s adjudication and sentence are affirmed.
AFFIRMED.
GOSHORN and PETERSON, JJ., concur.