728 So.2d 341 (1999)
Walker DAVIS, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 97-2790.
District Court of Appeal of Florida, First District.
March 12, 1999.
*342 Nancy A. Daniels, Public Defender, and Raymond Dix, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General, and Daniel A. David, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant, Walker Davis, Jr., was convicted of two counts of first degree murder and sentenced to life in prison. He contends on appeal that the trial court erred in denying the motion to suppress his confession and statements made to police and that, without that evidence, he was entitled to a judgment of acquittal. We affirm. We also affirm, without discussion, the remaining points raised on appeal.
As the State argues in its brief, the issues regarding the denial of appellant's motion to suppress and the admission into evidence of his statements were not preserved for appellate review because no objection was made during trial when this evidence was admitted. The trial court denied appellant's pretrial motion to suppress the statements and, to preserve these arguments for appellate review, appellant had to object at trial when the statements were admitted. See Schwarck v. State, 568 So.2d 1326, 1327 (Fla. 3d DCA 1990) (affirming conviction for sexual battery on person under 12 and indicating that defendant failed to preserve issue concerning admission of his incriminating statements, which trial court had found were made freely and voluntarily after Miranda warnings were given, because defendant failed to raise contemporaneous objection at trial); Rounds v. State, 382 So.2d 775, 775 (Fla. 3d DCA 1980) (affirming judgment of conviction and sentence for manslaughter because "the defendant failed to preserve for appellate review the admissibility of the defendant's statements to the police as he did not object at trial to the admission of such statements subsequent to the denial of his pretrial motion to suppress"). Given the admission of these statements into evidence, together with other evidence presented by the State, the trial court did not err in denying appellant's motion for judgment of acquittal. Although we have noted appellant's failure to preserve the suppression issue for appellate review, we do not in any way imply that the trial court erred by denying the motion to suppress.
AFFIRMED.
WOLF, KAHN and PADOVANO, JJ., concur