793 So.2d 62 (2001)
Victorien T. LEE, a personal representative of the estate of Kah Lee, Appellant,
v.
CITY OF JACKSONVILLE, a municipal corporation, Appellee.
No. 1D00-870.
District Court of Appeal of Florida, First District.
July 20, 2001.
*63 William S. Graessle of Winegeart & Graessle, P.A., Jacksonville, for Appellant.
Richard A. Mullaney, General Counsel, and Tracey I. Arpen, Jr., Deputy General Counsel, Jacksonville, for Appellee.
KAHN, J.
In this case, appellant raises three arguments for reversal of the trial court's order in a declaratory judgment action involving the City of Jacksonville's tree ordinance, section 656.1201 et seq. In particular, appellant argues that (1) the ordinance does not apply to the property in question; (2) the facts conclusively demonstrate that appellant was entitled to an exemption; and (3) the City of Jacksonville (City) is estopped from enforcing the ordinance because of its inconsistent positions. Because appellant did not raise the third issue before the trial court, it is not properly before us. See, e.g., Ward v. Ward, 742 So.2d 250, 255 (Fla. 1st DCA 1996) ("Since the function of this court is to review possible error committed by the trial court, absent jurisdictional or fundamental error, a legal argument must be raised initially in the lower court before it can be considered on appeal."); Abrams v. Paul, 453 So.2d 826, 827 (Fla. 1st DCA 1984) ("[I]n the absence of jurisdictional or fundamental error, it is axiomatic that it is the function of the appellate court to review errors allegedly committed by trial courts, not to entertain for the first time on appeal issues which the complaining party could have, and should have, but did not, present to the trial court."). We affirm on the other two issues.
Contrary to the assertion made by the dissent, the equitable estoppel issue was not tried by consent. Moreover, appellant has never made the argument, advanced by the dissent, that the issue was tried by consent. Council Bros. v. City of Tallahassee, 634 So.2d 264 (Fla. 1st DCA 1994), cited in the dissent, could not control the present issue because, in Council Brothers, the sole issue raised before the trial court was whether the City would be equitably estopped from imposition of certain charges on Council Brothers. During closing arguments in this case, counsel for the City strenuously objected to any consideration by the court of equitable estoppel contending that appellant had never raised the issue in the pleadings and, had the issue been raised, the City would have had its former employee, Mr. Bagwell, present to counter appellant's assertions. At that point, the court ruled very clearly that the question of estoppel would not be considered because the matter had never been previously raised. In the words of the trial judge, "I'm not going to do it." In light of this ruling, the suggestion that the issue was tried by consent simply ignores what happened. At no point did appellant contest this ruling or move to amend the pleadings. The trial court's ruling, in response to the City's objection, must stand undisturbed. See, e.g., Flemming v. Flemming, 742 So.2d 843, 844 (Fla. 1st DCA 1999)("The issue of rotating custody was not tried by implied consent because former wife raised a proper objection."); Todaro v. Todaro, 704 So.2d 138, 139 (Fla. 4th DCA 1997)(finding that issue of child support reduction was not tried by implied consent where ex-wife objected at hearing when ex-husband argued basis for modification that differed from that argued in pleading); Griffin v. Griffin, 463 So.2d 569, 574 (Fla. 1st DCA 1985) ("In the absence of a motion to amend the pleadings, the trial court erred in ruling on an issued that had not been raised in the pleadings and to which timely objections alleging prejudice had been made."). Although the dissent complains that the City did not object when "testimony about Mr. *64 Bagwell's representation" came in, nowhere does the dissent suggest that the testimony, presumably elicited from Kah Lee, was not relevant and admissible for a proper purpose based on the issues actually raised before the trial court. As explained below, we affirm on the other two issues.
First, appellant argues that the trial court should not have accepted the City's definition of the term "lot" because, under that definition, "any parcel of property regardless of size can constitute a `lot'...." The City's ordinance defines "lot" in various ways:

Lot means a parcel of land of at least sufficient size to meet minimum zoning requirements for use, coverage and area and to provide the yards and other open spaces herein required; provided, that the portion of a lot lying within a street or other right-of-way or access easement shall not be included in determining whether the lot meets minimum lot area requirements. The lot shall have frontage upon a publicly maintained or approved private street and may consist of:
(1) A single lot of record.
(2) A portion of a lot of record.
(3) A combination of complete lots of record, of complete lots of record and portions of lots of record or of portions of lots of record.
(4) A parcel of land described by metes and bounds; provided, that, in no case of division or combination, shall a residual lot or parcel be created which does not meet the requirements of this Zoning Code.
Jacksonville, Fla., Ordinance Code § 656.1601 (2000). The trial court found that appellant's property satisfied this definition of a "lot" because "(a) it is of sufficient size to meet minimum zoning requirements, (b) it has frontage on a publicly maintained street, and (c) it is described by metes and bounds." Appellant does not argue that these findings are not supported by competent substantial evidence. This court will not construe or refine the definition of "lot" contained in the ordinance because, although the definition is broad, it is clear. See, e.g., Baker v. State, 636 So.2d 1342, 1343-44 (Fla. 1994) ("Where the legislature has used particular words to define a term, the courts do not have the authority to redefine it."); Holly v. Auld, 450 So.2d 217, 219 (Fla.1984) (explaining that when language of statute is clear, no need to resort to rules of statutory interpretation and construction); Southwest Fla. Water Mgmt. Dist. v. Save the Manatee Club, Inc., 773 So.2d 594, 599 (Fla. 1st DCA 2000) ("A court may resort to extrinsic aids in determining legislative intent only if the language used in a statute is ambiguous.").
Second, appellant argues that, contrary to the trial court's determination, the property at issue qualified for an agricultural use exemption. The trial judge set forth and appropriately analyzed the factors contained in the ordinance regarding the exemption for property used for "bona-fide agricultural purposes." Because appellant does not argue that the judge's findings are not supported by competent substantial evidence, we are not at liberty to revisit these findings.
AFFIRMED.
LEWIS, J., concurs.
BROWNING, J., dissents with opinion.
BROWNING, J., dissenting.
I respectfully dissent. In my judgment, the final judgment should be reversed because the trial court erred by not finding the City is estopped from enforcing its *65 ordinance, and the trial court further erred by determining that appellant's two parcels of land comprising 72 acres constitute a "lot" subject to the provisions of the ordinance. To explain my position adequately, I consider it necessary to enlarge on the facts provided in the majority opinion.
Appellant testified, without contradiction, he intended to use his 72 acres for agricultural purposes until he could develop it at some undetermined time. As a part of such plan, appellant decided to cut, in part, his timber. Previous to cutting he contacted City's employee, Mr. Bagwell, who was at that time responsible for interpretation and enforcement of the ordinance. Appellant further testified, without contradiction, that Mr. Bagwell opined to him that such land was not subject to the ordinance, and that appellant did not have to secure a permit before cutting his timber. In reliance on Mr. Bagwell's statements, appellant sold his timber for $28,000.00. The sale entailed the removal of 12,635 trees having a diameter in excess of 12 inches. (When the testimony relating to Mr. Bagwell and appellant's reliance was given the City did not object). Subsequently, the City changed its position from that stated by Mr. Bagwell, making the cutting of each tree subject to the permitting process. This switch in the City's position occurred after appellant completed cutting his timber and neighbors complained. City cited appellant for violations of its ordinance and prescribed possible remedial action consisting of fines, replacement of trees, and possible criminal penalties. Appellant filed this proceeding seeking relief.
In my judgment, appellee is estopped from asserting appellant's land is subject to its ordinance. A governmental entity may be estopped just as a private person. Council Brothers, Inc. v. City of Tallahassee, 634 So.2d 264 (Fla. 1st DCA 1994). In Council Brothers, Inc., this court applied the principle of estoppel to the City of Tallahassee because its official told Council Brothers, Inc., a building contractor, that it was exempt from system charges on future construction and Council Brothers, Inc., detrimentally relied upon that representation. Later, the City changed its position and sought to impose the charges. Litigation ensued and the trial court entered judgment for the City, which Council Brothers, Inc. appealed to this court. In reversing the trial court, this court determined the City of Tallahassee was estopped by its conduct on this basis:
The elements which must be present for application of estoppel are: "(1) a representation as to a material fact that is contrary to a later-asserted position; (2) reliance on that representation; and (3) a change in position detrimental to the party claiming estoppel, caused by the representation and reliance thereon." State Department of Revenue v. Anderson, 403 So.2d 397, 400 (Fla.1981). See also Dolphin Outdoor Advertising v. Department of Transportation, 582 So.2d 709, 710 (Fla. 1st DCA 1991); Harris v. State, Department of Administration, Div. of Employees' Ins., 577 So.2d 1363, 1366 (Fla. 1st DCA 1991); Warren v. Department of Administration, 554 So.2d 568 (Fla. 5th DCA 1990).
Id. at 266. These elements are met here.
Before cutting his timber, appellant sought an opinion, as Council Brothers, Inc. did, and was told by Mr. Bagwell he could cut his timber without securing a permit under the ordinance. In reliance on Mr. Bagwell's statement, appellant cut 12,635 trees that City now maintains required a permit as to each tree before cutting. This establishes a classic case for the application of the principle of estoppel. *66 Id. at 264. The trial court erred by not so finding.
Rule 1.190(b), Florida Rules of Civil Procedure, provides that "when issues not raised by the pleadings are tried by express or implied consent of the parties they should be treated in all respects as if they had been raised by the pleadings ..." and this prevails whether or not a party moves to amend the pleadings to conform to the evidence. Here appellee's testimony about Mr. Bagwell's representations were made without objection. Not until final argument did City's attorney make any reference to appellant's failure to plead estoppel. However, at this point under Rule 1.190(b), the issue of estoppel was before the court, which incorrectly barred its application. Twenty-Four Collection, Inc. v. M. Weinbaum Constr., Inc., 427 So.2d 1110 (Fla. 3d DCA 1983). It was City's duty to object if it opposed consideration of evidence of estoppel, but it did not. Accordingly, estoppel was properly presented, and the trial court reversibly erred by not considering and entering judgment against City because of its conduct.
The majority takes issue with the foregoing by pointing out that the City did object during final argument to the trial court's consideration of estoppel and, therefore, maintains that the estoppel issue was not tried by consent. An objection must be made when evidence is presented, not during final argument, as was done by the City here. This is universally required and recognized, and each case cited as precedent by the majority so holds. See, e.g., Flemming v. Flemming, 742 So.2d 843 (Fla. 1st DCA 1999) (case fails to show when objection made but cites Todaro v. Todaro, 704 So.2d 138 (Fla. 4th DCA 1997), which holds that objection must be made when evidence adduced); Todaro, (former wife objected to the trial court's hearing evidence on issue that was not properly plead); Griffin v. Griffin, 463 So.2d 569 (Fla. 1st DCA 1985) (counsel for the trustees raised timely objections to admitting evidence on issues of payments). Furthermore, appellate courts have recognized this principle when directly addressing the time when an objection must be made or deemed waived. J.L.A. v. State, 707 So.2d 380, 381 (Fla. 5th DCA 1998) (holding that contemporaneous objection to admission of evidence required and "raising the issue in closing argument after the cocaine was admitted did not preserve the issue.") Davis v. State, 728 So.2d 341 (Fla. 1st DCA 1999) (holding objection meaningless when no objection was made during trial when the evidence was admitted); Nordyne, Inc. v. Florida Mobile Home Supply, Inc., 625 So.2d 1283 (Fla. 1st DCA 1993) (holding objection must be made contemporaneously to witness's testimony). Here the City objected during final argument rather than when appellant's evidence of estoppel was adduced. This is fatal if existing precedent is followed. The trial court should have overruled the City's objection and rendered judgment for appellant pursuant to Council Brothers, Inc.
The majority discounts Council Brothers, Inc. because of procedural differences with this case which have no relevance to my citing of the case. Council Brothers, Inc. was cited as precedent for the substantive application of estoppel to a city, and for its analogous factual situation. The procedural aspects of Council Brothers, Inc. have no relevancy, but the other authorities cited in support of the trial court's duty to consider estoppel rather than avoid the issue procedurally do. Fla. R. Civ. P. 1.190(b); Twenty-Four Collection, Inc., 427 So.2d at 1110.
In my judgment, the trial court also erred by determining appellant's 72 acres constitutes a "lot" under the ordinance. *67 An ordinance is construed according to the enacting body's intent, and as the ordinance affects real property, strict construction is required. Rinker Materials Corp. v. City of North Miami, 286 So.2d 552 (Fla.1973), conformed to, 288 So.2d 536 (Fla. 3d DCA 1974). Applying these parameters, the term "lot" should be given its ordinary meaning of applying to subdivision parcels and small tracts of land. It never has been utilized or construed to apply to a 72 acre parcel of land until this case. Kane Homes, Inc. v. City of North Lauderdale, 418 So.2d 451 (Fla. 4th DCA 1982); Outlaw v. Kinsey, 286 So.2d 602 (Fla. 1st DCA 1973); City of Coral Gables v. Hunter, 213 So.2d 467 (Fla. 3d DCA 1968). In fact, the construction of "lot" given by the trial court and the majority makes every parcel in Duval County, even a 100,000 acre parcel thickly covered by timber, subject to the ordinance. Such a construction is surely not intended by appellee's commission when it enacted the ordinance.
The fact that an attempt is made in the ordinance to define the word "lot" does not change this outcome. The words of the ordinance, if taken in their entirety, do not support such a determination. The definition of "lot" stated in the majority opinion reveals that the intent behind the ordinance is to make it applicable to an area that will "provide the yards and other open spaces" required by the City's zoning ordinance. No mention is made of extending the ordinance to large blocks of land such as appellant's. Statutes and ordinances are required to be construed according to a standard of reasonableness to avoid absurdities, in addition to strict construction in conformity with the intent of the enacting legislative body. See State v. Willis, 124 So.2d 48 (Fla. 1st DCA 1960). These rules are violated here.
The ordinance requires that a permit be secured before cutting a tree with a diameter of 12 inches or more measured 4½ feet above the average ground level at the tree base. As appellant harvested 12,635 trees fitting this description, the error of applying the ordinance to large tracts of timber land such as appellant's is abundantly clear. Just imagine how many individual measurements are required in appellant's case, and how many will be required when the ordinance is applied to 10,000 acres, which the trial court's interpretation would cover.
The unreasonableness of the trial court's interpretation of the ordinance are further "highlighted" by the penalty provision of the ordinance, as applied to appellant and to other hypothetical large tract violations. The ordinance provides that the cutting of each protected tree constitutes a separate offense that subjects appellant and other landowners to a civil fine of up to $50,000.00 per acre. This provision mandates 12,635 violations and subjects appellant to a fine of $1,900,000.00 (appellant removed 12,635 trees from 38 acres). Surely this reveals the trial court's erroneous interpretation of "lot" in the context of the entire ordinance.
In summary, in my judgment, when the principle of estoppel, the principle of requiring strict construction of an ordinance that affects real property, and the commission's intent are applied to the facts here, the trial court reversibly erred. This result is mandated by the unrebutted statements of Mr. Bagwell, and by not reversing, the majority leaves appellant subject to an expansive interpretation of the ordinance where a strict interpretation is required to effect a reasonable result.
For these reasons, I would reverse the trial court, and I respectfully dissent from my learned colleagues' affirmance.