PER CURIAM.
The instant appeal arises out of the dissolution of the marriage of Dalya and Wayne Asbell. After more than twenty years of marriage, the wife filed a petition for dissolution of marriage, seeking, among other things, a special equity in the marital residence on the grounds that (1) she had owned a home prior to the marriage and the proceeds from the sale of that home had been used to purchase the current marital residence and (2) since the husband had moved out, she alone had made the first mortgage payments on the home. In the final judgment, the trial court made the following finding regarding the wife’s claim for a special equity grounded in her payment of the first mortgage: “Although the husband would concede that the wife would be entitled to additional special equity for one-half of the first mortgage since the date of separation, he argues that husband is entitled to a credit for one-half of the rental value. There was no specific evidence on rental value and the court considers these two issues a ‘wash.’ ”
On appeal, the wife argues that the finding that her claim of special equity was washed out by the husband’s entitlement to credit for half of the rental value of-the residence was clearly error because (1) the husband failed to include in his pleadings any claim for rental value and (2) as the judge acknowledged, there was no evidence regarding rental value. Both of the wife’s arguments have merit. See Johnson v. Johnson, 546 So.2d 97, 98 (Fla. 4th DCA 1989)(holding that it was error for trial court to award to husband half of the rental proceeds received by the former wife where the husband’s pleadings failed to contain a request for such affirmative relief); Adkins v. Adkins, 595 So.2d 1032, 1035 (Fla. 1st DCA 1992)(“The fair rental value of the property may or may not be directly related to the amount of the mortgage payments.”). Consequently, we reverse the final judgment of dissolution and direct the trial court to amend the final judgment consistent with this opinion.
REVERSED and REMANDED.
KLEIN, STEVENSON and TAYLOR, JJ., concur.