WALDEN, Chief Judge.
This interlocutory appeal challenges a post-decretal order in a divorce action granting a modification of child custody.
*755 Plaintiff-husband was awarded a final decree of divorce in 1963. In accordance with stipulations entered into between the parties and adopted by the court custody of their minor child was to be split, six months of the year with each. The stipulation further provided that, in the event defendant were to move more than 75 miles from Titusville, Florida, plaintiff would have custody for 9 months of the year, and defendant, the remaining- 3 months. It was also expressly provided that no waiver of any of the terms of the stipulation could be made by either party unless made expressly and in writing.
Three months after the entry of the divorce decree plaintiff was inducted into the armed forces. During his period of service he allowed defendant to retain continuous custody of their minor child.
Defendant filed a petition for modification on January 17, 1967, when she learned her new husband was to be transferred to Alabama. After a hearing, the trial court modified the final decree, finding a change in circumstances in that plaintiff had not insisted on his right of custody since the original decree. Defendant was granted custody for 9 months to coincide with the school year, and plaintiff was to have custody during the 3 summer months.
It is clear that, in deciding what action should be taken on a petition to modify a custody order, the welfare of the child is the chief consideration. 10 Fla.Jur., Divorce, Separation and Annulment, § 262. Further, the continuing power of a court to modify a custody order upon a substantial change of circumstances is not affected by the fact that the decree incorporated any stipulation of the divorced parties respecting custody. Butler v. Butler, Fla.App.1961, 132 So.2d 437; Annot., 73 A.L.R.2d 1444. Therefore, the chancellor was not bound by the non-waiver provision in the stipulation adopted in the original decree insofar as it related to child custody. But this is not essential to our decision.
The chancellor found a substantial change in circumstances since the entry of the final decree in that the six-year-old child had lived continuously for the past four years with her mother. He further found it to be in the best interests of the child that this change of circumstances be recognized by a modification of the decree.
We affirm, keeping in mind that, unless an abuse of discretion is discernible from the record, a reviewing court is bound by the presumed correctness of the chancellor’s decree in matters of the custody of minor children. Maloy, Fla.Appellate Prac. & Proc., § 1025.
■ Affirmed.
CROSS, J., and WADDELL, THOMAS R., Jr., Associate Judge, concur.