473 So.2d 236 (1985)
Jo Ann C. ALEXANDER, Appellant/Cross-Appellee,
v.
William A. ALEXANDER, III, Appellee/Cross-Appellant.
No. 84-2236.
District Court of Appeal of Florida, Second District.
July 10, 1985.
Rehearing Denied August 1, 1985.
*237 Seymore A. Gordon of Gay & Gordon Attorneys, P.A., and Carl T. Boake, St. Petersburg, for appellant/cross-appellee.
Gary Urso of N. David Korones, P.A., Clearwater, for appellee/cross-appellee.
PER CURIAM.
While there are serious issues raised below and on this appeal, the evidence before the trial court was conflicting on nearly every issue. The trial judge, of necessity, was required to accept some evidence and testimony and reject other. We are certainly in no position to, nor do we desire to, second-guess the trial judge.
We also conclude that the trial judge acted within his discretion in rejecting some proffered expert testimony as being not properly reliable. He properly rejected other testimony as being hearsay.
The trial judge divided the residential custody of the parties' two-year-old daughter six months with each party until the child reaches school age. We feel that the expert testimony received on the subject of the child's custody properly supported the special circumstances contemplated in Wonsetler v. Wonsetler, 240 So.2d 870 (Fla. 2d DCA 1970).
In regard to appellee's cross-appeal, we determine that there was sufficient evidence to support the denial of the husband's claimed special equity in the home the parties occupied during their marriage. The home was titled in the wife's name and was acquired by her prior to the parties' marriage.
Affirmed.
RYDER, C.J., and DANAHY and CAMPBELL, JJ., concur.