623 So.2d 563 (1993)
Islanda CARABALLO, Appellant,
v.
Jesus Manuel HERNANDEZ, Appellee.
No. 92-3359.
District Court of Appeal of Florida, Fourth District.
August 18, 1993.
Rehearing and Rehearing Denied October 6, 1993.
*564 Jorge E. Hurtado, Fort Lauderdale, for appellant.
Howard Poznanski, Pompano Beach, for appellee.
Rehearing and Rehearing En Banc Denied October 6, 1993.
POLEN, Judge.
The former wife appeals from an amended final judgment of dissolution of marriage, ordering rotating physical custody of the parties' minor child. We reverse.
On May 22, 1991, the former wife filed a petition for dissolution of marriage seeking permanent custody of the parties' then eight year old son. The former husband sought permanent custody as well. At the time of the trial, both parties resided in Pompano Beach, Florida, approximately three miles from each other.
The trial was held on September 8, 1992. The parties were the only witnesses. After approximately ninety minutes of testimony the trial court found that the parties were both excellent parents who were deeply concerned with the welfare of their child. The court then awarded annual rotating custody at the end of each school year based upon the age of the child, the former husband's concern for the child, the close proximity of the parties' residences, and the assumption that the child would continue to attend the same school, despite the annual changes in residency.
Appellant argues the trial court's award of joint custody, with primary residence on an annual rotating basis, constitutes an abuse of discretion. Although we uphold the trial court's order with respect to the award of joint custody, we reverse with respect to the annual rotation of the child's primary residence.
This court has long recognized the trial court's broad discretion in resolving custody matters. Bolton v. Gordon, 201 So.2d 754 (Fla. 4th DCA 1967). However, in this instance we must adhere to the rule recognized in Florida, that rotating custody is presumptively not in the best interests of the child. We recognize there may be special circumstances which justify rotating custody. Such circumstances include:
1. The child's age and stated preference.
2. The length of each period of custody.
3. The disruptive influences created by alternating custody, including the distance that must be travelled.
4. The parents' attitude toward each other, and how these attitudes might affect the children.
Parker v. Parker, 553 So.2d 309 (Fla. 1st DCA 1989).
The majority of these circumstances are not present in the instant matter.
First, both the trial transcript and amended final judgment indicate that the rotating custody award was based upon the trial court's mistaken conclusion that both parents resided in the same school district, and the child would continuously attend the same school. There is no evidence in the record to support this conclusion. In fact, the former wife filed as an exhibit to her motion for rehearing and reconsideration, a letter from the Broward County School Board indicating that the parents' residences were located in different school districts.
Requiring an eight year old child to switch schools yearly is clearly a disruptive influence indicating that rotating physical custody is not in the best interests of the child. See Wilking v. Reiford, 582 So.2d 717 (Fla. 5th DCA 1991) (where the court reversed a rotating custody award, concluding that the parents lived in two different school districts, and it is not in the best interests of the child to switch schools, make new friends and readjust to a different curriculum at a different school); compare Parker v. Parker, 553 So.2d 309 (Fla. 1st DCA 1989) (where the court awarded rotating custody but only until the child reached school age).
There is also no evidence in the record of the child's stated preference for rotating custody. See Gerscovich v. Gerscovich, 406 So.2d 1150 *565 (Fla. 5th DCA 1981) (where the court awarded rotating custody of an eleven and thirteen year old child based upon their stated preference, taking into account their relative maturity).
Finally, there is no evidence to indicate that the parties harbor negative attitudes or hostility toward each other. Such animosity has justified rotating custody. See Parker, 553 So.2d at 311 (where the court justified an award of rotating custody because of the prolonged period the mother could not be with the children, and that they were shielded from her existence); see also Sullivan v. Sullivan, 604 So.2d 878, 879 (Fla. 1st DCA 1992) (where the court awarded rotating custody based on the mother's hostility toward the father, that she was trying to turn the children against the father, her attitude in court, and her refusal to allow the father visitation). In the instant matter, the court found that the parties' attitudes toward each other were good. Thus, this consideration would not warrant a departure from the presumption that rotating custody is not in the best interest of the child.
Additionally, both parties provided to the court by notice of supplemental authority Bergmann v. Bergmann, 617 So.2d 469 (Fla. 4th DCA 1993), and Pfeifer v. Pfeifer, 616 So.2d 1190 (Fla. 4th DCA 1993). This court's opinions in both cases are based on specific factual scenarios and do not affect our current holding.
Accordingly, we find that there are no special circumstances to justify an award of rotating custody. We reverse the lower court's order rotating the primary residence of the parties' minor child, and remand for further consideration as to the child's primary residence.
GUNTHER and KLEIN, JJ., concur.