654 So.2d 1237 (1995)
Clarence Eugene LANGFORD, Appellant,
v.
Angela Lynne ORTIZ, Appellee.
No. 94-02852.
District Court of Appeal of Florida, Second District.
May 10, 1995.
Holly B. Chernoff and Paul A. Rocuant of Bass & Chernoff, Naples, for appellant.
John E. Long, Jr. of Long, Tuminello, Besso, Seligman & Quinlan, Naples, for appellee.
RYDER, Acting Chief Judge.
Clarence Langford, the father, contends that the trial court erred in entering a temporary order rotating the custody of his daughter between him and the child's mother, Angela Ortiz. We agree, and hold that rotating custody is not in this child's best interest and that the court should have entered a final order on custody, rather than a temporary one. We therefore reverse and remand this matter to the trial court for further proceedings, if necessary, and entry *1238 of a final order awarding one of the parents primary custody of the child.
When their daughter was born, Mr. Langford and Ms. Ortiz lived in Collier County, Florida. They were not married, and, after their relationship ended, the father moved to Dade County, Florida. The mother later married and wished to relocate to North Carolina with her new husband and the parties' daughter. The father filed a complaint to determine paternity, custody and child support. The parties filed a joint pretrial stipulation identifying the primary issues for the court to determine as: (1) which of them should be the primary residential parent and (2) who should have primary custody of the child. The court considered the mother's move in light of the factors discussed in Mize v. Mize, 621 So.2d 417 (Fla. 1993), and determined it could not conclude that it was in the child's best interest to move to North Carolina. It then ordered that Mr. Langford have custody from June 1, 1994 until November 30, 1994, in Dade County. Custody of the child would then rotate to Ms. Ortiz in North Carolina from December 1, 1994 to May 31, 1995. Each parent was allowed visitation during the other parent's period of custody. The court stated it would re-evaluate its decision at the conclusion of this one-year period.
Rotating custody, such as the lower court ordered here, is presumptively not in the best interest of a child. Courts have, however, discussed several factors that could overcome this presumption: (1) that the child was older and mature, Bienvenu v. Bienvenu, 380 So.2d 1164 (Fla. 3d DCA 1980); Gerscovich v. Gerscovich, 406 So.2d 1150 (Fla. 5th DCA 1981); (2) that the child was not yet in school, Parker v. Parker, 553 So.2d 309 (Fla. 1st DCA 1989); Alexander v. Alexander, 473 So.2d 236 (Fla. 2d DCA 1985); Wilking v. Reiford, 582 So.2d 717 (Fla. 5th DCA 1991); (3) that the parents lived near each other, Gerscovich; Parker; Bienvenu; (4) that the child preferred rotating custody, Gerscovich; (5) that rotation would not have a disruptive effect on the child, Gerscovich; Bienvenu; (6) that the periods of time spent with each parent were reasonable, Gerscovich; and (7) that the periods of custody were related to divisions in the child's life, such as the school year, Bienvenu.
The facts in this case do not overcome the presumption against rotating custody. The parties' daughter is a young girl in the second grade. Under the trial court's order, she must change schools on arbitrary dates, the first of December and the first of June. These dates bear no apparent relationship to the normal school calendar. Not only will she attend two different schools, the schools are in different states. This has to be a disruption in this young girl's academic and personal life, no matter how much her parents work to smooth the transition. We therefore hold that a rotating custody arrangement is not in this child's best interest, and reverse the lower court's order. The parents have apparently each formed a loving relationship with their daughter because she wishes to spend more than just weekends with the noncustodial parent. The court can, however, fashion a visitation arrangement based on her school holidays that will ensure the child will spend ample time with each parent.
We also hold that the lower court should have entered a final order on custody, subject to modification upon a showing of a substantial change in circumstances. See Martinez v. Martinez, 573 So.2d 37 (Fla. 1st DCA 1990), review denied, 581 So.2d 1309 (Fla. 1991). Accordingly, we remand to the trial court to enter a final order determining which party should be the custodial parent, and providing for child support and visitation. Because it has been almost a year since the court entered its temporary order, it may need to take further evidence before arriving at its final decision.
Reversed and remanded.
BLUE and FULMER, JJ., concur.