DANAHY, Acting Chief Judge.
This appeal and cross appeal from a final judgment of dissolution raise issues regarding the rotating child custody arrangement, child support, alimony, and equitable distribution. We reverse that portion of the final judgment ordering rotating custody. We do not address the related issue of child support here because the trial court, when it redetermines the custody issue on remand, must also reexamine the issue of child support based on its new custody determination. We find no error on the remaining issues raised. On remand, when the parties are again before the court, the issue of rehabilitative alimony, on which the trial court reserved jurisdiction, should also be revisited because of the passage of over a year since entry of the final judgment.
We have previously reviewed custody orders which mandate that divorced parents share custody of their minor children on a rotating basis. We have come to the conclusion that such arrangement is strongly disfavored and should be avoided unless peculiar factors in an individual case require otherwise. See Garvie v. Garvie, 659 So.2d 394 (Fla. 2d DCA 1995), and Langford v. Ortiz, 654 So.2d 1237 (Fla. 2d DCA 1995); compare Quinn v. Settel, 682 So.2d 617 (Fla. 3d DCA 1996) (affirming rotating custody). In Lang-ford we laid out the prerequisite factors necessary to support an extraordinary order of rotating custody. These factors are:
(1) that the child was older and mature; (2) that the child was not yet in school; (3) that the parents lived near each other; (4) that the child preferred rotating custody; (5) that rotation would not have a disruptive effect on the child; (6) that the periods of time spent with each parent were reasonable; and (7) that the periods of custody were related to divisions in the child’s life, such as the school year.
Langford, 654 So.2d at 1238 (citations omitted). The children in the case before us are now six and ten years old. We do not consider that this fact satisfies the first factor and it clearly does not satisfy the second. The trial court ordered that the children’s mother have custody of them every Monday, Monday night, Tuesday and Tuesday night, and that she deliver them to school on Wednesday mornings. The father would have custody every Wednesday, Wednesday night, Thursday, and Thursday night, and deliver *353 them to school on Friday mornings. The parents were to have custody on alternate weekends. Although on the face of it this arrangement might seem reasonable, in splitting the children’s time with their parents in equal halves, it produces a major disruption in the children’s lives by continually shuffling them from one home to another at frequent intervals for short stays. Thus, the fifth and sixth factors are not satisfied. The current arrangement also clearly fails to satisfy the seventh factor.
Accordingly, we affirm the trial court’s order except that portion dealing with custody which we reverse. We remand for another hearing to determine primary residential custody based on the children’s best interests and child support as necessary and available for the primary custodian as determined at that hearing. As noted at the outset, we also direct the trial court to revisit the issue of rehabilitative alimony for the appellant.
QUINCE, J., and HALL, VINCENT T., (Senior) Judge, concur.