695 So.2d 881 (1997)
Kimberly B. O'BRIEN, Appellant/Cross-Appellee,
v.
David A. CRUMLEY, Appellee/Cross-Appellant.
No. 96-2263.
District Court of Appeal of Florida, Fifth District.
June 20, 1997.
*882 Clark D. Lochridge, Fern Park, for Appellant/Cross-Appellee.
Linda D. Schoonover, Longwood, for Appellee/Cross-Appellant.
PETERSON, Chief Judge.
Kimberly B. O'Brien, the mother, asserts that the trial court abused its discretion by ordering rotating custody of the parties' child, awarding final decision-making authority to the father, and by failing to award child support to her. David A. Crumley, Jr., the father, in his cross-appeal, asserts that while the trial court justifiably granted final decision-making authority to him, the trial court should have designated the specific areas to which the authority applied.
The schedule of rotating custody in this case allowed each of the parents to have custody during a portion of each week. The evidence reflected that the child had adjusted well to the rotating custody that had been in effect prior to the trial court's order; in fact, there was evidence that the child thrived in the arrangement. Rotating custody is presumptively disfavored as not being in the best interest of the child. Wilking v. Reiford, 582 So.2d 717 (Fla. 5th DCA 1991); Elebash v. Elebash, 450 So.2d 1268 (Fla. 5th DCA 1984); Frey v. Wagner, 433 So.2d 60 (Fla. 3d DCA 1983). However, the best interest of the child is the final determining factor and special circumstances may justify the arrangement. See Langford v. Ortiz, 654 So.2d 1237 (Fla. 2d DCA 1995); Caraballo v. Hernandez, 623 So.2d 563 (Fla. 4th DCA 1993); Parker v. Parker, 553 So.2d 309 (Fla. 1st DCA 1989). The witnesses in this case including the Guardian Ad Litem, and the court appointed clinical psychologist, testified that the arrangement was not disruptive to the child, that the child was doing remarkably well, that the child has close ties with both parents and a loving relationship with both of them. Only the mother opined that the arrangement was unsuitable but she was unable to specify any adverse effects resulting from the arrangement. Accordingly, we *883 see no abuse of discretion by the trial court and affirm the custody arrangement.
We find the trial court was justified in vesting the final decision-making authority in the father particularly in view of the evidence pertaining to the mother's unwillingness in the past to communicate with the father on certain matters after repeated requests to do so and find no error in the manner in which the trial court specified the areas in which the father's final decision making authority shall apply.
The subject of child support is not mentioned in the final judgment and the mother asserts she is entitled to such support from the father, notwithstanding the rotating custody arrangement. We agree that support needs to be considered by the trial court and section 61.30(1)(a), Florida Statutes (1995), requires a written finding. Rotating custody is contemplated in the guidelines in section 61.30(11)(g) and we remand to determine whether an award is appropriate, and if so, the amount. See Hardy v. Hardy, 659 So.2d 1246 (Fla. 1st DCA 1995).
AFFIRMED and REMANDED.
DAUKSCH and GOSHORN, JJ., concur.