704 So.2d 746 (1998)
Reid C. BRACKEN, Appellant/Cross-Appellee,
v.
Jerry Ann BRACKEN, Appellee/Cross-Appellant.
No. 96-2247.
District Court of Appeal of Florida, Fourth District.
January 28, 1998.
*747 Terry Ellen Fixel and August La Rocco of Fixel & La Rocco, Hollywood, for appellant/cross-appellee.
John P. Shevock of Trafford & Shevock, P.A., Fort Lauderdale, for appellee/cross-appellant.
STONE, Chief Judge.
We affirm the final judgment of dissolution providing for rotating physical residence of the parties' pre-school child.
The mother is voluntarily unemployed, and the father works from 9:00 p.m. to 5:00 a.m., Sunday through Thursday nights. During the course of the proceedings, the child lived with the mother at her parents' home in Plant City. The mother complied with a temporary visitation order by driving the child four and a half hours each way every weekend for visitation. The court-appointed psychologist testified that these lengthy, repeated car trips were not in the best interest of the child. One expert recommended that the court award primary residential custody to the father, while another expert testified that the child had bonded with the mother, and that they had a good relationship.
The trial court found that both parents were morally fit and were able to provide for the child. The court ordered that the parties divide primary residential custody, with the child residing with the father for eleven consecutive days of each month. When the child reaches school age, this arrangement will cease, and the father will have visitation at his home on the first and third weekends of each month. Appellant asserts that failing to designate him as the sole primary residential parent constitutes an abuse of discretion.
We recognize that rotating the primary residence is presumptively not in the best interests of a child. See MacConnell v. Cascante, 668 So.2d 668, 670 (Fla. 4th DCA 1996); Sullivan v. Sullivan, 604 So.2d 878, 879 (Fla. 1st DCA 1992); Wilking v. Reiford, 582 So.2d 717, 719 (Fla. 5th DCA 1991); Bienvenu v. Bienvenu, 380 So.2d 1164, 1165 (Fla. 3d DCA 1980). However, such an arrangement may be ordered where appropriate circumstances exist. Langford v. Ortiz, 654 So.2d 1237, 1238 (Fla. 2d DCA 1995). In determining whether the circumstances overcome the presumption against rotating the primary residence, the trial court should consider various factors including the age of the child, whether the child is in school, the proximity of the parents' residences, the child's preference, the disruptive effect of the rotation on the child, the reasonableness of the periods of time spent with each parent, the relation of the periods of custody to divisions in the child's life, such as the school year, and the parents' attitude toward one another or how their attitude will be perceived by the child. Langford, 654 So.2d at 1238; Gerscovich v. Gerscovich, 406 So.2d 1150, 1151 (Fla. 5th DCA 1981).
In Pfeifer v. Pfeifer, 616 So.2d 1190 (Fla. 4th DCA 1993), this court concluded that a custody arrangement in which the child spent a portion of every week with each parent was acceptable in light of the unique circumstances of that case, including the fact that the parents' employment schedules facilitated the arrangement, and the arrangement minimized conflicts between the parents. In Alexander v. Alexander, 473 So.2d 236 (Fla. 2d DCA 1985), the court upheld a rotating arrangement in which each parent had residential custody for six months of each year until the child reached school age. The court in Parker v. Parker, 553 So.2d 309 (Fla. 1st DCA 1989) upheld an arrangement in which the parents alternated custody every four months. The court found no abuse of discretion in light of the distance between the parents' homes (95 miles), the prolonged period that the mother was prevented from being with the children prior to this arrangement, the ages of the children, and the provisional nature of the arrangement (terminating when the first child reached school age). Id. at 311.
Here, the rotating arrangement will cease once the child reaches school age. Additionally, the distance between the parents' residences requires some special arrangement considering the testimony of the court-appointed psychologist that the child's best interest is not served by traveling four and a half hours each way every weekend. Rather than requiring the child to make multiple car *748 trips for weekend visits, the court's provision results in only one trip each month while the child is of tender years.
The attitudes of the parents further justifies the trial court's decision. The court discussed the hostility between the parties and described the case as "most difficult," stating:
It is a six (6) volume case centered around a sole issue; visitation/custody. There have been unfounded allegations ... charges and countercharges ... motions for disqualification after adverse rulings, a special master appointed to oversee discovery disputes, etc., etc.... A complete accounting of the difficulty of this case would take pages to detail....
The court recognized that joint custody is generally not preferred, but that here the "emotions and distance involved" present special circumstances. The court noted that the mother's attitude and willingness to facilitate the father/child relationship had softened since the mother returned to live with her family in Plant City. The court perceived that the physical distance between the parties was actually a benefit because it buffered the high emotions and frequent confrontations. The court also recognized that the rotating custody arrangement would promote a strong bond between the father and the child before the child reaches school age. See Sullivan at 879.
We cannot conclude that this arrangement is unreasonable. Although the father receives less time than the mother, the court apparently fashioned the return trip of the child around the father's day off from work. The father is also receiving more full days with the child than if he had visitation every weekend. Thus, we conclude that in considering the total circumstances and best interest of the child, the trial court acted within the limits of its discretion.
As to all other issues raised, we also affirm.
KLEIN and GROSS, JJ., concur.