730 So.2d 387 (1999)
Lisardo J. LAMELAS, Appellant,
v.
Olga M. GRANADOS, Appellee.
No. 97-05352.
District Court of Appeal of Florida, Second District.
April 9, 1999.
*388 Peter N. Meros of Meros, Smith & Olney, P.A., St. Petersburg, for Appellant.
Stann W. Givens and John R. Cummings, III, of Knox & Givens, P.A., Tampa, for Appellee.
PER CURIAM.
This is an appeal from an award of custody in a dissolution action. The appellant, the former husband and father of the minor daughter, contends that the trial court erred in ordering rotating residential custody in the absence of any pleading requesting such arrangement. We reverse.
The parties were married in May, 1993, had a daughter in November, 1994, and separated in June, 1995. Both parties petitioned for dissolution requesting primary residential custody of their daughter and visitation for the other parent. The proceedings in the trial court were protracted and acrimonious. As a result, the trial court ordered both parents and the child to be evaluated by a psychologist and to undergo a social investigation by a court-appointed investigator. The psychologist found both parties to be fit parents who had bonded well with the child and who clearly had the child's best interests at heart despite a continuing and vocal animosity toward the other parent. Each party's family echoed his or her sentiments. In fact, the psychologist in her report stated that "[u]nder better circumstances, this family could have enjoyed a joint arrangement and relied on their respective strong support systems for the well-being of [the daughter]. Joint arrangements, however, work only when there is good communication between the ex-spouses, which is clearly not the case here." The social investigator's findings on either parent being a good candidate for primary residential custody were similar to the psychologist's although her report was silent as to rotating custody. Despite both parties' expressed desire to be the primary residential parent and the professional evaluations, the trial court ordered rotating custody and tried to build in a mechanism to avoid the necessity of a supplemental petition to modify custody in the event the rotating arrangement did not work out. It also ordered that the arrangement be reviewed in August of the year that the child begins kindergarten. In ordering rotating custody without the issue being raised in the pleadings, and, thus, without the parties having the opportunity to address the issue, the trial court erred.
It is fundamental that a trial court is without jurisdiction to hear and determine matters that are not the subject of appropriate pleadings and notice. See Todaro v. Todaro, 704 So.2d 138 (Fla. 4th DCA 1997). Additionally, we have disfavored rotating custody arrangements unless peculiar factors in an individual case require otherwise. See Valiente v. Valiente, 689 So.2d 352 (Fla. 2d DCA 1997); Garvie v. Garvie, 659 So.2d 394 (Fla. 2d DCA 1995); Langford v. Ortiz, 654 So.2d 1237 (Fla. 2d DCA 1995). The trial court's expressed reasons for awarding it the animosity of the parties and the way they were trying to use the child in a possessive *389 mannerdo not qualify as particular factors in this case to support an order of rotating custody. If anything, those factors militate against rotating custody.
We note that the final hearing in this case took place before the legislature amended chapter 61, Florida Statutes, effective July 1, 1997, to add section 61.121. This new section provides: "The court may order rotating custody if the court finds that rotating custody will be in the best interest of the child." Regardless of whether this enactment changed the presumption against rotating custody, a question we do not reach here, the record before us does not support the conclusion that rotating custody is in the best interest of this child, even if the pleadings had properly raised the issue in the trial court.
Reversed and remanded for further proceedings to designate one parent as primary residential custodian.
ALTENBERND, A.C.J., and NORTHCUTT and CASANUEVA, JJ., Concur.