742 So.2d 843 (1999)
Debra W. FLEMMING, Appellant,
v.
Michael S. FLEMMING, Appellee.
No. 98-1909.
District Court of Appeal of Florida, First District.
September 16, 1999.
*844 John D. Carlson, Tallahassee, Attorney for Appellant.
Jerome M. Novey of Novey, Mendelson & Adamson, Tallahassee, Attorney for Appellee.
BOOTH, J.
This cause is before us on a final judgment of dissolution of marriage. In the pleadings and partial settlement agreement, the parties stipulated to shared parental responsibility of the minor children, designating Former Wife the primary physical residential parent and Former Husband the secondary residential parent. At hearing, Former Husband requested that the children live an equal amount of time with each parent, with custody alternating on each week. Former Wife objected that this custody arrangement was not raised by the pleadings and contravened the parties' agreement. The trial court, however, ruled that the parties have shared parental responsibility, with Former Wife as the primary residential parent "subject to rotating custody with the Husband on an alternating week basis."
The trial court did not have authority to rule on matters that were "not the subject of appropriate pleadings and notice." Lamelas v. Granados, 730 So.2d 387 (Fla. 2d DCA 1999) (citing Todaro v. Todaro, 704 So.2d 138 (Fla. 4th DCA 1997)). The issue of rotating custody was not tried by implied consent because Former Wife raised a proper objection. See Todaro, 704 So.2d at 140 (citing Hemraj v. Hemraj, 620 So.2d 1300, 1301 (Fla. 4th DCA 1993)). Further the rotating custody arrangement contradicts the parties' agreement concerning primary residence. On the record before us, we find that the trial court abused its discretion in ordering a rotating custody arrangement.
Additionally, the trial court abused its discretion in calculating Former's Husband's gross income for determination of child support. In recalculating Former Husband's income, the trial court is directed to consider voluntary contributions to his retirement fund, interest income, dividends, and the economic benefit of his company-owned vehicle, and not to deduct the personal exemption and standard deduction. §§ 61.046(4) & 61.30(1)(a), (2)(a), Fla. Stat.; Nelson v. Nelson, 651 So.2d 1252, 1253-54 (Fla. 1st DCA 1995) (holding contributions to voluntary retirement are includable in income for child support purposes).
On the issue of attorney's fees, we reverse based on the disparity of the *845 parties' incomes, and because Former Wife should not be required to use assets obtained from equitable distribution to pay her attorney. Canakaris v. Canakaris, 382 So.2d 1197, 1205 (Fla.1980).
We remand for further proceedings and, in light of the passage of time and reversal of various issues, the trial court may revisit the issues concerning rehabilitative alimony and permanent alimony depending on the present circumstances of the parties. Accordingly, we REVERSE and REMAND for proceedings consistent with this opinion.
ALLEN and BROWNING, JJ., concur.