741 So.2d 617 (1999)
Wendy Carol MANDELL, nka Wendy Carol Menzel, Appellant,
v.
Todd William MANDELL, Appellee.
No. 99-00379.
District Court of Appeal of Florida, Second District.
September 22, 1999.
Jaime L. Wallace of Wallace, Browning & Krawetz, Sarasota, for Appellant.
R. Lynette Mancuso of Burgess, Harrell, Mancuso, Olson & Colton, P.A., for Appellee.
PER CURIAM.
Wendy Carol Mandell, now known as Wendy Carol Menzel, appeals the trial court's Final Judgment of Dissolution of Marriage. She contests the establishment of a rotating custody plan for the child of the marriage. We affirm. We cannot say that the trial judge abused his discretion. See Canakaris v. Canakaris, 382 So.2d 1197, 1202 (Fla.1980). The trial court reasonably relied on the testimony of the court-appointed expert, to whom the parties stipulated. After examining both the husband and the wife, the expert recommended the plan as being in the best interest of the child.
Although competent substantial evidence supports a finding that the husband has rebutted any presumption against rotating custody, we take this opportunity to address one issue that the parties raised. They ask whether section 61.121, Florida Statutes (1997), effectively sets aside the long held presumption that *618 rotating custody is not in the best interest of a minor child. See Bienvenu v. Bienvenu, 380 So.2d 1164 (Fla. 3d DCA 1980). Section 61.121, as adopted by the legislature in 1997, provides: "The court may order rotating custody if the court finds that rotating custody will be in the best interest of the child."
If, by this language, the legislature sought to set aside the presumption against rotating custody, it failed. Nothing in the plain language of the statute suggests that the legislature intended to abolish the presumption. Our review of the limited legislative history offers little insight on the issue. We note that House Bill 1421, which enacted this provision, also amended section 61.13, Florida Statutes as follows:
61.13 Custody and support of children: visitation rights; power of court in making orders.
(2)(d) No presumption shall arise in favor of or against a request to relocate when a primary residential parent seeks to move the child and the move will materially affect the current schedule of contact and access with the secondary residential parent.
H.B. 1421, 2d Sess. (Fla.1997).
The language in this amendment shows that the legislature understood how to set aside a previously established presumption. The absence of such language in section 61.121 leads us to conclude that either the legislature did not intend to set aside the presumption, or, if it did, it failed to appropriately implement its intent.
Affirmed.
WHATLEY, A.C.J., CASANUEVA and DAVIS, JJ., Concur.