775 So.2d 334 (2000)
Lana F. BOARDMAN, Appellant,
v.
Gregory J. ROY, Appellee.
No. 2D99-1869.
District Court of Appeal of Florida, Second District.
August 25, 2000.
Lana F. Boardman, pro se.
Robert W. Segur, Port Charlotte, for Appellee.
BLUE, Acting Chief Judge.
Lana F. Boardman, the mother in this paternity and custody action, appeals the trial court's order of rotating custody between her and the father, Gregory J. Roy. Only because we recognize the broad discretion lodged in the trial court when deciding custody issues do we affirm.
Little would be gained by recounting the animosity and the difficulties between these parents that led to the order on appeal. The record engenders emotions of both sympathy and disgust. Although numerous cases in Florida espouse a presumption against rotating custody, section 61.121, Florida Statutes (1997), provides that a trial court may order rotating custody when in the best interest of the child. While we would not have entered the order on appeal, we cannot say that it constitutes an abuse of discretion in light of the recommendation for rotating custody by the expert witness. See, e.g., Mandell v. Mandell, 741 So.2d 617 (Fla. 2d DCA 1999) (affirming rotating custody plan where trial court relied on expert's testimony); Alexander v. Alexander, 473 So.2d 236 (Fla. 2d DCA 1985) (concluding that special circumstances required for rotating custody were established by expert testimony).
While we are obliged to affirm, we do reject one of the reasons cited in the order. The trial court relied on the parents' inability to get along as part of the basis for rotating custody. This we conclude was error. The Fourth District has cited animosity between the parents as a factor that overcomes the presumption against rotating custody. See Bracken v. Bracken, 704 So.2d 746 (Fla. 4th DCA 1998); Caraballo v. Hernandez, 623 So.2d 563 (Fla. 4th DCA 1993). But several courts, including this one, have recognized that a hostile environment would actually jeopardize a rotating custody arrangement. "[T]he animosity of the parties and the way they were trying to use the child in a possessive manner ... militate against rotating custody." Lamelas v. Granados, 730 So.2d 387, 388-89 (Fla. 2d DCA 1999) (citing psychologist's report that joint custody works only when there is good communication between the parents); Garvie v. Garvie, 659 So.2d 394, 396 (Fla. 2d DCA 1995) (court "can reasonably foresee that this mutual antagonism [between the parents], coupled with this inability to communicate, would have a distressing effect on the child in a rotating custody arrangement"). See also Bienvenu v. Bienvenu, 380 So.2d 1164, 1165 (Fla. 3d DCA 1980) (rotating custody arrangement would be "rendered even more distressing [to the children] by the *335 fact that their mother and father are so mutually antagonistic"). But compare Sullivan v. Sullivan, 604 So.2d 878, 879 (Fla. 1st DCA 1992) (majority opinion concludes that hostility in mother's attitude supported rotating custody so mother could not turn child against father) with 604 So.2d at 880 (Miner, J., in a specially concurring opinion, notes that frequent shifting of custody "not only serves to introduce an element of instability into the children's lives, but also heightens rather than reduces animosity between the parents").
We have two concerns. First, if animosity is an approved reason for rotating custody, one or more of the parties seeking custody might be encouraged to engage in untoward conduct with the hope that it will result in rotating custody. Second, we are concerned about the ultimate success of rotating custody when the family relationships are tainted by such high levels of hostility. In this respect, we note that the trial court did not name either parent as the primary residential parent. Although not raised as a point on appeal, we foresee extreme difficulties when these parents are called upon to make joint decisions on important issues related to the child's care. Finally, we caution that such custody arrangements, once ordered by a court, may be difficult to modify. See Newsom v. Newsom, 759 So.2d 718 (Fla. 2d DCA 2000) (holding that parents' inability to communicate and get along did not constitute a substantial change of circumstances to support modification from rotating custody to primary residential custody with father).
Accordingly, we affirm but certify conflict with Bracken.
WHATLEY and CASANUEVA, JJ., Concur.