785 So.2d 703 (2001)
Roma HOSEIN, Appellant,
v.
Terry Mofeezul HOSEIN, Appellee.
No. 4D00-2521.
District Court of Appeal of Florida, Fourth District.
May 23, 2001.
Ledford A. Parnell, Fort Lauderdale, for appellant.
No brief filed for appellee.
TAYLOR, J.
In this appeal of a final judgment of dissolution of marriage, the former wife contends, among other things, that the trial court erred by ordering rotating custody of the parties' pre-school child.
The parties got married in Fort Lauderdale in 1989 and had one minor child. They lived together in the marital home until the week before trial of this dissolution action. After the wife's fourth petition for protection against domestic violence, the husband was removed from the home. According to the husband, during the year and a half before trial, when the parties were still living together, they had an arrangement whereby the husband would have the minor child on Tuesdays and Thursdays and the wife would have him on Mondays and Wednesdays. The parties would alternate weekends. They also had a support agreement providing for the husband's payment of the child's *704 monthly school tuition, food, and clothes, and the wife's payment of the mortgage and utility bills.
In the dissolution action, the wife requested that she be named the primary residential parent and that a suitable visitation schedule be established for the husband. The trial court denied her request and ordered that the parties have shared parental responsibility with rotating custody. As reasons, the court stated:
The rotating custody arrangement has been one that was ordered in the previous case and has been followed by the parties for in excess of one year. Additionally, both parties seem inclined to make unilateral decisions without consulting the other and to designate one of these parties as the primary residential parent would likely exclude participation by the non-residential parent in the upbringing and decisions for the minor child.
Although the trial court has broad discretion under section 61.121, Florida Statutes (1997), to "order rotating custody if the court finds that rotating custody will be in the best interest of the child," there is a presumption that rotating the primary residence is not in the best interest of the child. See Bracken v. Bracken, 704 So.2d 746, 747 (Fla. 4th DCA 1998). See also Mandell v. Mandell, 741 So.2d 617 (Fla. 2d DCA 1999)(holding that section 61.121 did not set aside the long held presumption that rotating custody is not in the best interest of a minor child).
Florida courts have identified several factors that a trial court should consider in determining whether the circumstances overcome the presumption against rotating the primary residence: (1) the age and maturity of the child; (2) whether the child is in school; (3) the proximity of the parents' residences; (4) the child's preferences; (5) the disruptive effect of the rotation on the child; (6) the reasonableness of the period of time spent with each parent; (7) the relation of the periods of custody to divisions in the child's life, such as the school year; and (8) the parents' attitudes toward one another or how their attitudes will be perceived by the child. Bracken, 704 So.2d at 747 (citing Langford v. Ortiz, 654 So.2d 1237, 1238 (Fla. 2d DCA 1995)); MacConnell v. Cascante, 668 So.2d 668, 670 (Fla. 4th DCA 1996).
In this case, the trial court's order does not address the above factors or include a finding that rotating custody is in the best interest of the child. Although the order refers to the parties' prior rotating custody plan as a reason for ordering rotating custody, the record does not reflect the court's consideration of how the child adjusted to that arrangement. See, e.g., O'Brien v. Crumley, 695 So.2d 881, 882 (Fla. 5th DCA 1997)(affirming rotating custody order where the evidence reflected that the child had adjusted well to the rotating custody in effect prior to the trial court's order and was thriving in the arrangement). Moreover, we note that the parties' prior rotating custody agreement was in effect at a time when the parties were still living together. The final judgment does not indicate what impact, if any, the parties' new separate living arrangements may have upon a rotating custody schedule.
Because the order does not contain findings that rotating custody is in the best interest of the minor child, we remand this cause to the trial court for further proceedings to consider those factors set forth in Bracken and MacConnell and to enter an amended final judgment either setting forth the necessary findings for rotating custody or designating one parent as primary residential custodian. On remand, if *705 necessary, the trial court shall reconsider its order requiring sale of the marital residence and the award of child support.
As to all other issues raised, we affirm.
AFFIRMED and REMANDED for proceedings consistent with this opinion.
POLEN and STEVENSON, JJ., concur.