789 So.2d 1249 (2001)
Teresa Yarboro MANCUSO, Appellant,
v.
Craig Peter MANCUSO, Appellee.
No. 4D00-2569.
District Court of Appeal of Florida, Fourth District.
August 1, 2001.
William T. Hess of Hess & Heathcock, Stuart, for appellant.
Craig Peter Mancuso, pro se.
TAYLOR, J.
The husband filed an amended petition for dissolution of marriage, in which he alleged that a marital settlement agreement had settled all issues between the parties. The wife denied that allegation in her answer to the amended petition. In this appeal from the final judgment of dissolution of marriage, the wife contends that the trial court erred in conducting the final hearing without complying with the trial notice and setting procedures of Rule 12.440 of the Florida Family Law Rules of Procedure. She further complains that the trial court abused its discretion in denying her request for a continuance of the final hearing after allowing her attorney to withdraw just an hour before the hearing. We affirm on these points, but remand this case to the trial court for further proceedings on child custody provisions.
The trial court ordered rotating custody of the 15 month old minor child of the marriage every forty-eight hours. This provision was based on a rotation schedule established in the marital settlement agreement. The agreement called for shared parental responsibility and shared primary physical residence for the child. Until the child's second birthday, the child was to be rotated between the parents' respective households every 48 hours. During the child's third year, the rotation was to occur every 72 hours, and thereafter, the rotation was to be weekly. At the final hearing, the wife protested that this arrangement was not in the child's best interest. However, the trial judge said that the rotation provision was not subject to her review at the final hearing and that she could not question their agreement.
*1250 On the contrary, section 61.121, Florida Statutes (1997), requires that the trial court make a finding that rotating custody is in the best interest of the child. In light of the long-standing presumption that rotating the primary residence is not in the best interest of the child, the trial court should carefully examine a marital settlement agreement providing for such an arrangement and exercise its discretion in determining whether it is in the child's best interest. See Bracken v. Bracken, 704 So.2d 746, 747 (Fla. 4th DCA 1998). See also Mandell v. Mandell, 741 So.2d 617, 618 (Fla. 2d DCA 1999)(holding that section 61.121 did not set aside the long held presumption that rotating custody is not in the best interest of a minor child).
Florida courts have identified several factors that a trial court should consider in determining whether the circumstances overcome the presumption against rotating the primary residence: (1) the age and maturity of the child; (2) whether the child is in school; (3) the proximity of the parents' residences; (4) the child's preferences; (5) the disruptive effect of the rotation on the child; (6) the reasonableness of the periods of time spent with each parent; (7) the relation of the periods of custody to divisions in the child's life, such as the school year, and (8) the parents' attitude toward one another or how their attitude will be perceived by the child. Bracken, 704 So.2d at 747 (citing Langford v. Ortiz, 654 So.2d 1237, 1238 (Fla. 2d DCA 1995)); MacConnell v. Cascante, 668 So.2d 668, 670 (Fla. 4th DCA 1996).
Here, because the trial judge mistakenly believed that she lacked authority to alter or reject the rotating custody provisions in the marital settlement agreement, she failed to make the necessary findings that rotating custody is in the best interest of the minor child. Accordingly, we remand this cause to the trial court for further proceedings to consider those factors set forth in Bracken and MacConnell and to enter an amended final judgment either setting forth the necessary findings for rotating custody or designating one parent as primary residential custodian. On remand, if necessary, the trial court may revisit child support provisions.
AFFIRMED and REMANDED for proceedings consistent with this opinion.
STONE and GROSS, JJ., concur.