BENTON, J.
In this appeal from a final judgment of dissolution, the mother of the two children born to the parties’ marriage argues that she should have been designated the primary residential parent and that the trial court’s findings do not support an unequal division of marital assets.
We find no fault with the trial court’s determination that rotating custody is in the best interests of the children. See, e.g., O’Brien v. Crumley, 695 So.2d 881 (Fla. 5th DCA 1997) (holding evidence supported determination that rotating custody was in child’s best interest where child had adjusted well to rotating custody schedule in effect prior to determination and the child had close ties and a loving relationship with both parents). See generally Charlee Perrow, Note, The Oñgin and Evolution of Florida’s Presumption Against Rotating Custody: A Guideline for Florida Judges, 30 Fla. St. U.L.Rev. 503, 507 (2003) (“Florida courts ... consider various factors when determining whether to order rotating custody instead of unquestionably applying the presumption.”).
We agree, however, that the trial court’s findings fail to support the distribution of marital assets that the judgment under review effects. “[T]he court must begin with the premise that the distribution should be equal, unless there is a justification for an unequal distribution based on all relevant factors” listed under section 61.075(1), Florida Statutes. § 61.075(1), Fla. Stat. (2001). In the present case, the trial court concluded that the down payment on the marital home (made less than two years into the nineteen-year marriage) was a gift that did not give rise to a special equity under section 61.075(5)(a), Florida Statutes. Gifts from one spouse to another are marital property, § 61.075(5)(a)(3), Fla. Stat. (2001), that must be distributed like other marital assets.
Insofar as it distributes the parties’ assets only, the judgment is vacated; and the case is remanded for findings in accordance with section 61.075(1), Florida Statutes, and distribution of marital assets in accordance with the statute. The judgment is otherwise affirmed.
BARFIELD and VAN NORTWICK, JJ., concur.