EYANDER, J.
 

 Cathy Moore (“former wife”) appeals from an order of modification which provided for rotating custody. Neither party pled for, requested, nor had the opportunity to be heard on the issue of whether rotating custody would be in the best interest of the parties’ three minor children. Jerry Wilson (“former husband”) appropriately concedes error.
 

 The parties were married in December 1991 and separated in October 2000. A petition for dissolution of marriage was filed shortly thereafter. In December 2003, a second amended final judgment of dissolution of marriage was entered which provided,
 
 inter alia,
 
 for the former wife to have primary residential custody of the parties’ children. The former husband’s child support obligation was set at $1,488.00 per month.
 

 In September 2005, the former husband filed a second amended supplemental petition for modification, seeking a change in custody as well as a reduction in his child support obligations. The former wife answered the second amended petition and filed a counterpetition seeking an increase in child support. The case proceeded to trial in February 2008. (At the time of the trial, the three children were 15,13, and 12 years old.) Significantly, neither party pled for, nor otherwise requested during the course of the trial, a rotating custody arrangement. At the conclusion of the trial, the trial court took the case under advisement. Subsequently, the trial court entered its order which provided:
 

 The primary residential care of the three children of the parties shall be shared equally between the parties. The Court hereby decrees that both parties being declared co-equal primary residential parents shall share equal time with the Children. Henceforth the Children shall rotate on a weekly basis
 
 *224
 
 between the parents and shall spend one week, Friday after school until the same time the following Friday, with the Father to be followed by one week with the Mother, Friday after school until the same time the following Friday, and in alternating succession thereafter.
 

 The court’s order did not include a finding that rotating custody would be in the children’s best interest. With regard to child support, the trial court ordered the parties to prepare a joint child support guidelines worksheet and to provide same to the court within thirty days. The record reflects that this worksheet was not submitted to the trial court prior to the filing of the notice of appeal.
 

 The parties agree that the timeshare arrangement ordered by the trial court met the definition of rotating custody.
 
 Wade v. Hirschmam,
 
 903 So.2d 928, 932 n. 8 (Fla.2005). The parties further agree that it was error for the trial court to order rotating custody where neither party requested rotating custody in the pleadings or at any time during trial.
 
 See Flemming v. Flemming,
 
 742 So.2d 843 (Fla. 1st DCA 1999);
 
 Lamelas v. Granados,
 
 730 So.2d 387 (Fla. 2d DCA 1999). The trial court’s actions violated the parties’ due process rights because they were not given notice that the trial court would consider the issue of rotating custody; nor were they given the opportunity to be heard on the issue.
 
 Newberry v. Newberry, 831
 
 So.2d 749 (Fla. 5th DCA 2002) (trial court violated most basic of constitutional rights — due process of law — where father was given no notice or opportunity to be heard on distinct issue of increasing child support).
 

 The trial court’s order was also deficient because there was no finding that rotating custody was in the children’s best interest. At the time of the trial, section 61.121, Florida Statutes (2007) provided that a court may order rotating custody “if the court finds that rotating custody will be in the best interest of the child.”
 
 See also Mancuso v. Mancuso,
 
 789 So.2d 1249 (Fla. 4th DCA 2001). It appears that the trial court’s decision to order rotating custody was, to a significant degree, influenced by the parties’ “fighting over contact and visitation and lack of communication ... with regard to matters involving the children .... ” While the record is certainly replete with evidence of the parties’ deplorable interaction with each other, the test remains the best interest of the child.
 
 Morales v. Morales,
 
 915 So.2d 247 (Fla. 5th DCA 2005).
 
 [1]
 

 Although we are remanding this cause based on the conceded error in ordering rotating custody, there are other matters that we feel compelled to bring to the trial court’s attention.
 

 In seeking modification of custody, the former husband was required to show both that the circumstances had substantially, materially changed since the original custody determination and that the children’s best interest justified a change in custody.
 
 See Wade,
 
 903 So.2d at 932-34;
 
 Snowden v. Snowden,
 
 985 So.2d 584, 587 (Fla. 5th DCA 2008). Here, the trial court failed to make the required express finding of a substantial change of circumstances.
 
 See Bon v. Rivera,
 
 10 So.3d 193, 195-96 (Fla. 4th DCA 2009);
 
 Kilgore v. Kilgore,
 
 729 So.2d 402 (Fla. 1st DCA 1998). This requirement is not simply a formality. In the instant case, the former wife vigorously contested the former husband’s claim that there had been a substantial change
 
 *225
 
 in circumstances. Factual findings on this issue would have facilitated our review.
 

 Additionally, the trial court found that the former wife “has completely denied the children the ability for a religious upbringing and attendance and belonging to a religious organization that at least some of the children have requested that they be allowed to do.” This finding is unsupported by the record. The evidence reflected that the former husband regularly took the children to his church on his weekends — without objection from the former wife. The former wife simply, as was her right, refused to sign church forms consenting to the children becoming members of the former husband’s church.
 
 See Abbo v. Briskin,
 
 660 So.2d 1157, 1161 (Fla. 4th DCA 1995) (when matter involves religious training of child, court may not make decision in favor of a specific religion over objection of other parent).
 

 On remand, the trial court will also need to resolve the child support issues regardless of whether the former husband’s request for a modification of the time-sharing arrangements is granted.
 

 REVERSED and REMANDED.
 

 MONACO, C.J., and COHEN, J., concur.
 

 [1]
 

 . Although section 61.121 was repealed effective October 1, 2008, the best interest of the child remains the primary consideration in the determination of a time-sharing schedule.
 
 See
 
 § 61.13(3), Fla. Stat. (2009).