KAPLAN, MICHAEL G., Associate Judge.
 

 The Appellant, Leanne Marchant, timely appeals the trial court’s amended Final Judgment of Paternity, Parental Responsibility, Care and Support of Minor Child in which the trial judge, following a bench trial, ordered rotating custody of the parties’ infant child. We affirm the trial court’s final order because the trial judge did not abuse her discretion in ordering rotating custody.
 

 A trial court has “broad discretion in child custody matters; its decision in that regard is reviewed for a clear showing of an abuse of discretion.”
 
 Adair v. Adair,
 
 720 So.2d 316, 317 (Fla. 4th DCA 1998). Section 61.121, Florida Statutes, which was repealed on October 1, 2008, but applied to this case, stated, “[t]he court may order rotating custody if the court finds that rotating custody will be in the best interest of the child.” The statute requires the court to consider the best interest of the child. The court should consider certain factors in determining that issue.
 
 Bracken v. Bracken,
 
 704 So.2d 746 (Fla. 4th DCA 1998). It is clear from the record, including the findings set forth in the amended final judgment, that the trial judge considered the child’s best interest as well as relevant factors provided by this court in
 
 Bracken.
 

 [1]
 

 Inasmuch as the trial judge considered the appropriate factors as applied to the evidence presented and considered the best interest of the child, and because the record below contains competent, substantial evidence supporting the trial court’s findings, the trial judge did not abuse her discretion in ordering rotating custody.
 

 Affirmed.
 

 WARNER and POLEN, JJ., concur.
 

 [1]
 

 . While the trial judge did not make written findings of fact as to each
 
 Bracken
 
 factor, specific written findings are not required to support an affirmance.
 
 Aguirre v. Aguirre,
 
 985 So.2d 1203 (Fla. 4th DCA 2008).