PER CURIAM.
Jesse Lee Waybright appeals a final order which establishes visitation and residential custody of S.L.W., the child he fathered with appellee. Because the trial court erred in excluding certain evidence offered by Waybright and in ordering rotating custody when neither party requested it, we reverse and remand for further proceedings.
S.L.W. was born on May 16, 2008, and the appellee, Ya’Lonni Ayeesha Johnson-Smith, does not deny that Waybright is the natural father; the parties to this appeal have never been married. In January 2012, Waybright, pro se, filed a pleading styled “petition to establish paternity and other relief.” By this petition, Waybright sought sole physical custody of the child with Johnson-Smith allowed only supervised visitation. Waybright alleged that the mother had engaged in criminal activity, was unable to financially support the child as she rarely worked, and had a transient life-style.
At the subsequent hearing on the petition, both parties appeared pro se. Way-bright offered police reports detailing the acts of violence committed by Johnson-Smith, including domestic violence against him. The trial court, without objection from Johnson-Smith, refused to consider these reports, classifying the reports as hearsay. The court also refused to consider certain written statements without first inquiring as to whether they were admissible as affidavits. Thereafter, the trial court ordered rotating custody on a weekly basis with the onus of transportation falling upon Waybright.
*447 The trial court erred in categorically excluding the police reports, as such records may have been admissible pursuant to section 90.803(8), Florida Statutes (2012). Similarly, concerning the statements offered by Waybright, the trial court erred in failing to even consider their admissibility, especially in view of the lack of objection from Johnson-Smith. See Tallahassee Furniture Co. v. Harrison, 588 So.2d 744 (Fla. 1st DCA 1991) (unob-jected to hearsay is probative as non-hearsay evidence).
Domestic violence and other forms of violent behavior are probative matters in a child custody case. See § 61.13(3)(m), Fla. Stat. (2012). In establishing residential placement of a child, the trial court is to consider at least twenty factors pertaining to the best interests of a child listed in section 61.13(3), even when the parents are unmarried. See A.L.G. v. J.F.D., 85 So.3d 527 (Fla. 2d DCA 2012). In the order under review, there are no findings to support the weekly rotating custody schedule set by the trial court. Further, neither party requested rotating custody. Moore v. Wilson, 16 So.3d 222 (Fla. 5th DCA 2009) (the trial court erred in ordering rotating custody when neither party requested it).
REVERSE and REMANDED for further proceedings consistent with this opinion.
VAN NORTWICK and ROWE, JJ„ Concur and MAKAR, J., Concurs With Written Opinion.